

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2005

# Ye v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ye v. Atty Gen USA" (2005). *2005 Decisions*. Paper 279.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3375

_____

LIN YE,
Petitioner

v.

*ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

*(Amended pursuant to F.R.A.P. 43(c))

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A77-542-889)

_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2005

Before: RENDELL, FUENTES and WEIS, Circuit Judges.

(Filed November 2, 2005)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Lin Ye appeals from an April 14, 2005 Board of Immigration Appeals decision

denying his motion to reopen. Ye argues that the Board of Immigration Appeals ("BIA") erred in refusing to reopen his proceedings, and in affirming the Immigration Judge ("IJ")'s underlying decision in the original removal proceeding. Because Ye failed to file his motion in a timely fashion and there is no basis for disregarding the applicable time limit, we will deny the petition for review.

Lin Ye is a native and citizen of China. He claims that he fled China to escape persecution arising out of China's restrictive family planning policy. Ye's first son was born on October 1, 1986 without the permission of the State. Ye claims that in July, 1987, slightly less than a year after his first son was born, his wife was forcibly taken to a family planning clinic, where she had an IUD inserted.

Ten years later, in February, 1998, Ye's wife had the IUD removed. In March, 1998, she discovered that she was pregnant with their second child. Ye claims that when the government-run company that he and his wife worked for found out about his wife's second pregnancy, they attempted to force her to have an abortion but she refused. Ye claims that, on April 5, 1998, his wife was picked up at work by the family planning officials and taken to a clinic where officials forced her to have an abortion. Ye also claims that, in May, 1998, he and his wife were fired for violating China's family planning policy. He claims that he was unable to find new employment in China as a result of the violation. Therefore, he came to the United States seeking asylum while his wife stayed behind in China with their son.

Ye entered the United States through the Canadian border in October of 1998 without being admitted or paroled. In March, 1999, Ye filed an administrative application for asylum with the INS. At a July, 1999 hearing, Ye conceded his removability but petitioned for asylum and withholding of removal because he feared persecution under China's restrictive family planning policy.

After a January 5, 2000 hearing, the IJ rendered an oral decision denying Ye's application for withholding of removal. The IJ found that Ye had not demonstrated that he was a refugee because he failed to establish that he had been persecuted or had a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The burden of proof is on the applicant to show that he is a refugee. The IJ found that Ye failed to meet this burden because he provided general and meager testimony and was not a credible witness.

On January 18, 2000, he filed an appeal with the BIA contesting the IJ's January 2000 ruling. However, he never filed a brief with the BIA. The BIA affirmed the IJ's denial of withholding of removal and dismissed the appeal on November 25, 2002, finding that Ye's general appeal did not identify any specific error in the IJ's factual or legal conclusions. Ye did not file a petition for review of the BIA's November 25, 2002 decision. On August 21, 2003, Ye filed a motion to reopen with the BIA. On April 14, 2004, the BIA denied the motion to reopen. This timely appeal followed.

The BIA had jurisdiction under 8 C.F.R. § 1003.2, which grants the BIA authority

3

to reopen or consider any case in which it has rendered a decision. We have jurisdiction under 8 U.S.C. § 1252.

We review the BIA's denial of the motion to reopen for abuse of discretion with "broad deference" to its decision. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d. Cir. 2003). Under this standard, we reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).

### I. Changed Country Conditions

Generally, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. 1003.2(c)(2); *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 473-74 (3d Cir. 2003). However, the 90-day deadline does not apply to a motion to reopen proceedings based on changed circumstances in the country to which removal has been ordered provided that the evidence of changed circumstances is material, was not available, and could not have been presented at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii); *Johnson v. Ashcroft*, 286 F.3d 696, 704 (3d Cir. 2002).

Ye claims that the BIA erred in holding that he failed to meet the changed country conditions exception to the 90-day filing deadline under 8 C.F.R. § 1003.2(c)(3)(ii). Ye alleges that the enactment of the Family Planning Law is a changed circumstance in China that warrants reopening his case under the exception to the 90-day filing requirement. The BIA rejected this argument because it found that Ye failed to

4

demonstrate that the codification of the pre-existing family planning policy constituted "changed circumstances" that justified reopening Ye's case.

The BIA does not abuse its discretion when it holds that updated information that merely reinforces the original asylum claim does not satisfy the exception to the 90-day rule for changed country conditions under 8 C.F.R. § 1003.2(c)(3)(ii). *Dong v. Gonzalez*, 143 F. App'x 430, 432-33 (3d Cir. 2005); *cf. Simtion v. Ashcroft*, 393 F.3d 733, 737 (7th Cir. 2004) (finding that the re-election of a leader in Romania failed to constitute changed country conditions because the same leader was in power when the petitioner filed his original asylum claim, and the petitioner had failed to demonstrate how the leader's return to power created conditions in Romania that differed from the conditions that existed when he originally applied for asylum). Ye based his original asylum claim in 2000 on the restrictive "one child policy" that was in place when he left China. Although the family planning policy has been officially codified, the same policy served as the basis for Ye's original asylum claim. Thus, it was not an abuse of discretion for the BIA to find that evidence merely reinforcing Ye's original asylum claim did not constitute changed circumstances within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii).

## II.  Change in the Law of the Second or Third Circuit

Ye argues that the BIA erred in declining to exercise its authority to *sua sponte* reopen his case based on a change in the law of the Third Circuit. The regulations clearly provide that a motion to reopen "must be filed no later than 90 days after the date on

5

which the final administrative decision was rendered in the proceeding sought to be reopened," unless the movant meets one of the exceptions contained in the regulations. 8 C.F.R. § 1003.2(c)(2). Regardless of whether a change in the controlling law actually occurred, the regulations provide no exception for a change in the controlling law. *See* 8 C.F.R. § 1003.2(c)(3). However, the BIA has the authority at any time to "reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). The BIA therefore construed Ye's motion to reopen based on a change in the controlling law as a motion requesting the BIA to exercise its discretionary authority to reopen his case.

The BIA declined to exercise its discretionary authority to reopen and we have no jurisdiction to review that decision. *Calle-Vujiles*, 320 F.3d at 474 (citing *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999) (holding that "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion")).

### III. Review of the IJ's and BIA's Decision on the Merits

Because the only matter before us is the petition to review the denial of the motion to reopen, and we will not disturb that ruling by the BIA, the merits of the IJ's and the BIA's rulings are not properly before us and we lack jurisdiction to review the substance of the agency's ruling. We will deny the petition for review.

6