NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0740n.06
Filed: October 17, 2007

No. 06-4230

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JENNY WIROKESUMO, et al., ) | |
| ) | ON APPEAL FROM THE BOARD |
| Petitioners-Appellants, ) | OF IMMIGRATION APPEALS |
| ) | |
| v. ) | |
| ) | |
| ALBERTO R. GONZALES, ) | |
| ) | |
| Respondent-Appellee. ) | |
| ) | |
| ) | |
| ) | |

BEFORE:    KEITH, GRIFFIN, Circuit Judges; and VAN TATENHOVE, District Judge[*]

   **DAMON J. KEITH**, **Circuit Judge**. Petitioners Jenny Wirokesumo ("Wirokesumo") and

Tak Ren Yap are husband and wife.[1] They are also natives and citizens of Indonesia. Wirokesumo

was charged with removability under 8 U.S.C. § 1227(a)(1)(B), for being an alien who remained in

the United States for a longer time than permitted. Wirokesumo subsequently applied for asylum,

withholding of removal, and protection under the Convention Against Torture ("CAT"). She later

withdrew her claim under the CAT. After conducting a hearing, the Immigration Judge ("IJ") denied

Wirokesumo's application for asylum and withholding of removal. The Board of Immigration

---

   [*]The Honorable Gregory F. Van Tatenhove, United States District Court for the Eastern
District of Kentucky, sitting by designation

   [1]Jenny Wirokesumo is the lead applicant. Pursuant to 8 U.S.C. § 1158(b)(3), Tak Ren
Yap relies on his wife's asylum application.

Appeals ("BIA") affirmed. Wirokesumo did not appeal the BIA's decision to this Court, but six months later, filed a motion to reopen her case with the BIA on the basis of changed country conditions in Indonesia. The BIA denied Wirokesumo's motion as untimely. She now appeals the BIA's denial. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

Wirokesumo and her husband are both Chinese Christians and citizens of Indonesia. On August 28, 1998, Wirokesumo entered the United States as a non-immigrant with authorization to remain for a temporary period of time.[2] On April 16, 2003, the United States Immigration and Naturalization Service issued a Notice to Appear, charging Wirokesumo with removability for remaining in the United States longer than permitted, in violation of 8 U.S.C. § 1227(a)(1)(B). Upon receiving the notice, on April 25, 2003, Wirokesumo applied for asylum, withholding of removal, and protection under the CAT. Wirokesumo subsequently withdrew her claim under the CAT. On December 3, 2003, after conducting a hearing, the IJ denied Wirokesumo's application for asylum and withholding for removal. In particular, the IJ found that Wirokesumo's asylum application was untimely since it was not filed within one year of her arrival, and Wirokesumo failed to demonstrate the existence of exceptional circumstances to excuse the time requirement. Likewise, the IJ concluded that Wirokesumo and her husband "fail[ed] to meet their burden of proof to show eligibility for withholding [of removal]." (J.A. at 505).

On December 17, 2003, Wirokesumo filed a timely appeal to the BIA, and on October 27,

---

[2]The record shows that Wirokesumo's husband, Tak Ren Yap, also came into the United States in 1998; however, the record is unclear as to his status of admission. We should also note that the couple was not married when they entered the United States. They married in 2001.

2005, the BIA affirmed. In affirming, the BIA agreed and adopted the portion of the IJ's decision finding that Wirokesumo's asylum application was untimely, and found that an exception to the time requirement was not warranted. The BIA also agreed and adopted the portion of the IJ's decision relating to the denial of the withholding of removal which concluded that Wirokesumo did not meet the burden of proving "that there [was] a clear probability of persecution in Indonesia on account of an enumerated ground." (Resp't's Supp. J.A. at 2-3). In addition, the BIA, noting the "'more likely than not'" standard necessary for granting a withholding of removal, concluded that "[n]either [Wirokesumo's or her husband's] testimony regarding their individual circumstances nor the general country information in the record support a conclusion that the required standard has been met in this case." *Id*. at 3 (quoting *INS v. Stevic*, 467 U.S. 407, 424 (1984)). Wirokesumo did not appeal the BIA's decision.

On April 25, 2006, six months later, Wirokesumo filed a motion to reopen with the BIA. Recognizing that the time to file a motion to reopen had expired, Wirokesumo asked the BIA to make an exception to the time requirement on the basis of changed country conditions in Indonesia. Specifically, Wirokesumo claimed that there was persecution, harassment, and intimidation against Christians and non-Muslims by Muslims and that severe discrimination and anti-Chinese violence had increased significantly. On August 18, 2006, the BIA denied the motion, finding that the motion to reopen was untimely and that the evidence submitted by Wirokesumo "[was] incremental to the evidence previously in the record, and does not support a finding that the conditions in Indonesia have changed so as to constitute an exception to the time limits for filing a motion to reopen." (J.A. at 2) (citing 8 C.F.R. §1003.2(c)(3)(ii)). The BIA further held that "the new evidence presented . .

. does not tend to establish that the respondents would qualify for withholding of removal if proceedings were reopened." *Id*.

On September 14, 2006, Wirokesumo filed a timely notice of appeal to this Court.

## II. ANALYSIS

On appeal, Wirokesumo argues that (1) the BIA abused its discretion in denying her motion to reopen as untimely, and (2) that the BIA's denial of her motion to reopen was contrary to the United States's public policy. We consider Wirokesumo's arguments respectively.

### A. Motion to Reopen

### 1. Standard of Review

We review the denial of a motion to reopen or reconsider for an abuse of discretion. *See Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (citing *INS v. Doherty*, 502 U.S. 314, 324 (1992)). "An abuse of discretion can be shown when the IJ or Board offers no 'rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id*. (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)).

### 2. Discussion

Wirokesumo argues that the BIA abused its discretion by finding that the evidence she submitted regarding the change of country conditions in Indonesia did not warrant an exception to the 90-day filing rule. In particular, Wirokesumo claims that the evidence she provided showed that the country conditions in Indonesia have "deteriorated considerably [for Chinese Christians] since [her] last hearing." (Appellants's Br. 9). Wirokesumo also argues that the BIA erred in making an

additional finding that, even if the proceedings were reopened, the new evidence presented by Wirokesumo would not qualify her for withholding of removal. The Government contends that Wirokesumo motion was untimely, and that she has "failed to demonstrate changed country conditions in Indonesia excusing that untimeliness." (Appellee's Br. 7). The Government further contends that because the motion to reopen was denied as untimely, this Court lacks jurisdiction to review the BIA's additional finding that Wirokesumo failed to established a *prima facie* case for withholding of removal, *id*. at 7, 20-21; and, even if this Court did have jurisdiction, Wirokesumo's withholding of removal claim fails on its merits.

"An alien may file one motion to reopen[.]" 8 U.S.C. § 1229a(c)(7)(A). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. *Id*.; *see Yousif v. INS*, 794 F.2d 236, 241 (6th Cir. 1986) ("[A] motion to reopen should not be granted unless the petitioner makes a prima facie showing that the statutory requirements for the underlying relief have been met.").

In general, "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). This time requirement, however, is not applicable to a motion to reopen that is filed "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . , if such evidence is material and was not available and could not have been discovered or presented at the

previous hearing[.]" 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Wirokesumo's motion to reopen was not filed within the 90-day time limit. The BIA's final order of removal was issued on October 27, 2005; however, Wirokesumo did not file her motion to reopen until April 26, 2006. To circumvent the timeline, Wirokesumo avers—through volumes of country reports, articles, and newsletters—that the country conditions in Indonesia have changed as it pertains to the treatment of Chinese Christians; and thus, her motion to reopen was timely. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Wirokesumo's argument is unpersuasive.

To begin, Wirokesumo offers evidence of religious violence against Chinese Christians using the 2002 country report and other documents dated prior to her hearing before the IJ in 2003. Wirokesumo's reliance on such evidence is futile because only evidence "not available and could not have been discovered or presented at the previous hearing" maybe used in requesting an exception to the 90-day time requirement. *Id*. Furthermore, Wirokesumo's reliance on the country reports (2003, 2004, and 2005) and other documents issued after her hearing before the IJ does not show how conditions in Indonesia have changed for the worse or how they have deteriorated considerably for Christians and non-Muslims.[3] In fact, and as the Government points out, the conditions proffered by Wirokesumo are not novel; rather, they were preexisting, and to some extent, the reports indicate that some conditions have gotten better for Christians in Indonesia. *See Dandan v. Ashcroft*, 339 F.3d 567, 576 (7th Cir. 2003) (holding that the BIA did not abuse its discretion by

---

[3]Along with the violence against Chinese Christians, according to Wirokesumo, "[t]he changes in Indonesia's circumstances included the bombing of many churches, limits to church construction, and bans and closures during the month of Ramadan." (Appellants's Br. 12-13).

denying the petitioner's motion to reopen because the new evidence offered by the petitioner did "not comprise a compelling case that the situation . . . is markedly different than at the time of his original hearing[,]" and that the "[d]ocumentary evidence [offered by the petitioners was] reflected in the Country Report upon which the BIA made its original decision.")

Wirokesumo also takes issue with the BIA's conclusion that the evidence offered to show changed conditions "is incremental to the evidence previously in the record, and does not support a finding that the conditions in Indonesia have changed so as to constitute an exception to the time limits for filing a motion to reopen." (J.A. at 2). However, "[t]he BIA does not abuse its discretion when it holds that updated information that merely reinforces the original asylum claim does not satisfy the exception to the 90-day rule for changed country conditions under 8 C.F.R. § 1003.2(c)(3)(ii)." *Lin Ye v. Gonzales*, 153 F. App'x 128, 130 (3d Cir. 2005).

In sum, the BIA did not abuse its discretion by denying Wirokesumo's motion to reopen as untimely because she failed to show changed country conditions in Indonesia as to warrant an exception to the 90-day time requirement. Having found no abuse of discretion, we need not address Wirokesumo's additional claim—where she argues that the BIA erred in finding that even if the proceedings were reopened, the new evidence presented by Wirokesumo would not qualify her for withholding of removal.

**B. Policy Argument**

Wirokesumo also argues that the BIA's denial of her motion to reopen is contrary to the United States's important public policy concerns. This argument is unavailing. First, this claim is not properly before this Court since the record shows that Wirokesumo did not raise this issue before

the BIA. *See Gilaj v. Gonzales*, 408 F.3d 275, 289 (6th Cir. 2007) ("In an appeal from an order of removal, we have jurisdiction to review only those claims for which the applicant has exhausted the administrative remedies available to the alien as a matter of right. . . . Only those claims that have been properly presented to the BIA and considered on their merits can be reviewed by the court in an immigration appeal." (internal citations omitted) (citing 8 U.S.C. § 1252(d)(1))). Second, Wirokesumo's entire argument is based on public policy concerns regarding refugees. Because nothing in the record supports Wirokesumo's status as a refugee, the public policy concerns in which she heavily relies are not relevant to her.

### III.  CONCLUSION

For the aforementioned reasons, we **AFFIRM** the BIA's denial of Wirokesumo's motion to reopen.