# United States Court of Appeals
## For the First Circuit

No. 04-2591

CAI XING CHEN,

Petitioner,

v.

ALBERTO GONZALES,
Attorney General of the United States,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

---

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

---

Theodore N. Cox on brief for petitioner.
Thankful T. Vanderstar, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, and Christopher C. Fuller, Senior Litigation Counsel, on brief for respondent.

---

July 15, 2005

---

**LYNCH**, <u>**Circuit Judge**</u>. Petitioner Cai Xing Chen, a native and citizen of China, was denied asylum and ordered removed but did not seek judicial review of that determination. Instead, he filed two motions to reopen with the Board of Immigration Appeals (BIA), each of which was denied. He now seeks review of the denial of his second motion to reopen, which was premised on a claim of ineffective assistance of counsel in the original asylum proceeding.

The BIA denied the second motion on the basis that (1) Chen had waived the ineffective assistance issue because he had not raised it in his counseled first motion to reopen, (2) the second motion was filed more than 90 days after the BIA's final order of removal and thus was untimely, <u>see</u> 8 C.F.R. § 1003.2(c)(2), and (3) the second motion was impermissible because 8 C.F.R. § 1003.2(c)(2) allows for only one motion to reopen, absent certain exceptions inapplicable here. The BIA noted the possibility that limits on motion filing may be equitably tolled, but it held that equitable tolling is unavailable to parties, like Chen, who fail to exercise due diligence. We deny the petition for review.

**I.**

Chen entered the United States without being admitted or paroled on October 25, 2000. On February 12, 2002, the Immigration

-2-

and Naturalization Service (INS)[1] issued Chen a Notice to Appear, charging him with being removable as an alien present in the United States without having been admitted or paroled pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Chen conceded he was removable as charged, but at a later hearing he applied for asylum and withholding of removal. He argued that he feared persecution in China because his wife had gone into hiding there to escape government family planning authorities. Those authorities, he claimed, sought to force upon his wife an intra-uterine device to prevent pregnancy, and his wife fled because earlier use of such a device had damaged her health. He also claimed the authorities came looking for him to sterilize him when his wife was uncooperative.

On December 18, 2002, an Immigration Judge denied Chen's applications for asylum and withholding of removal but granted him voluntary departure until February 18, 2003. The IJ noted that despite Chen having received an extension of time to authenticate and translate documents filed in support of his claim, he had not done so. The IJ also concluded "that respondent's behavior seems inconsistent with the facts of the case, as stated[,] which is that

---

[1] On March 1, 2003, the INS ceased to exist and its principal functions were transferred to the Bureau of Immigration and Customs Enforcement in the Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291(a)). Also, Alberto Gonzales was sworn in as Attorney General of the United States on February 3, 2005. We have substituted him for John Ashcroft, previous holder of that office, as the respondent. See Fed. R. App. P. 43(c)(2).

his wife continues to be at risk and remains in China, whereas the respondent who was at less risk has come to the United States."

Chen appealed to the BIA, which affirmed the IJ's decision without opinion on March 19, 2004, but granted Chen 30 days from the date of the order to voluntarily depart. Chen did not petition this court for review of the BIA's final order, nor did he depart. Instead, on June 15, 2004, Chen, represented by new counsel, timely filed a motion to reopen his proceedings before the BIA. He argued for reopening on the basis of new evidence -- specifically, photographs of his wife in a hospital, with injuries which he explained were sustained as she fled Chinese government family planning cadres. On July 23, 2004, the BIA denied Chen's motion to reopen, stating that the new evidence was insufficient to demonstrate that Chen was prima facie eligible for asylum or withholding of removal. Chen did not petition this court to review the BIA's denial of his motion to reopen.

On August 26, 2004, Chen filed a second counseled motion to reopen, this time on the grounds that he had received ineffective assistance of counsel in his original asylum proceeding because his attorney at the time failed to present available evidence to the IJ and failed to have many relevant Chinese documents authenticated or translated into English. On October 29, 2004, the BIA denied Chen's second motion to reopen, on the grounds already described.

We review the BIA's denial of a motion to reopen for abuse of discretion. Maindrond v. Ashcroft, 385 F.3d 98, 100 (1st Cir. 2004). An abuse of discretion exists "where the BIA misinterprets the law, or acts either arbitrarily or capriciously." Id. (quoting Toban v. Ashcroft, 385 F.3d 40, 45 (1st Cir. 2004)). Since in this case the BIA neither misinterpreted the law nor offered irrational or unsubstantiated explanations for its denial of Chen's second motion to reopen,[2] we find no abuse of discretion and deny the petition for review.

We need not consider the BIA's findings that Chen waived his ineffective assistance claim and that his second motion was untimely. That is because the BIA's third conclusion -- that Chen violated the numerical limit on motions to reopen in 8 C.F.R. § 1003.2(c)(2) -- was clearly correct and alone constituted sufficient grounds to reject his petition. The regulation states in relevant part: "Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings. . . ." 8 C.F.R. § 1003.2(c)(2). Unless Chen's second motion falls within one of the exceptions in

---

[2] We note that Chen's submission to this court also offered several arguments contesting the BIA's denial of Chen's first motion to reopen. However, his brief explicitly stated that he was seeking review of the denial of his second motion; we shall take him at his word. Further, even if Chen were attempting to petition for review of the first denial, that petition would be untimely. See 8 U.S.C. § 1252(b)(1).

paragraph (c)(3), the BIA did not abuse its discretion in rejecting it.

Chen argues to us that the second motion to reopen fits within the exception for motions "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  This exception does not apply for two reasons.  First, Chen failed to argue changed country conditions before the BIA as a justification for his second motion, and the argument is waived.  See Opere v. INS, 267 F.3d 10, 14 (1st Cir. 2001) (arguments never raised before the BIA are waived for failure to exhaust administrative remedies).  Second, even if Chen had not waived the argument, it would fail: his second motion to reopen was not based on changed country conditions at all, but on ineffective assistance of counsel.

Chen's last argument is that the BIA should have equitably tolled the numerical limitations in 8 C.F.R. § 1003.2(c)(2) and heard the motion on the merits.  The BIA rejected this argument on the grounds that equitable tolling is unavailable when a party fails to diligently pursue his rights.

As the BIA noted, equitable tolling "is unavailable where a party fails to exercise due diligence."  Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc) (quoting Benitez-Pons v. Puerto

<u>Rico</u>, 136 F.3d 54, 61 (1st Cir. 1998)).[3]  We have identified five factors that should guide courts in evaluating a claim to such tolling: (1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.  <u>Id</u>.  As the BIA noted, Chen offers no reason why he could not have raised his various claims together in his first motion to reopen.

The petition for review is **denied.**

---

[3]  Whether equitable tolling is <u>ever</u> available to evade a filing limitation in the immigration context is a question explicitly left open by <u>Jobe</u>. 238 F.3d at 100.