**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-1437

ROBERT KIBUUKA,

Petitioner,

v.

ALBERTO R. GONZALES,
United States Attorney General,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

---

Before

Selya, Lipez, and Howard, Circuit Judges.

---

Michael D. Greenberg and Law Offices of Michael D. Greenberg for petitioner.
Peter D. Keisler, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, and Jennifer Levings, Attorney, Office of Immigration Litigation, Civil Division, on brief for respondent.

---

April 14, 2006

---

**Per Curiam**.     Robert Kibuuka, a native of Uganda, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an order of removal against him.  We dismiss the petition in part for a lack of jurisdiction and deny the remainder.

In January 2000, Kibuuka arrived in the United States on a student visa to attend Troy State University in Alabama.  In March 2001, the Immigration and Naturalization Service (INS) learned that Kibuuka had left school and issued him a notice to appear at a removal hearing for not complying with the terms of his visa.[1]  In September 2002, over 30 months after his arrival, Kibuuka applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

In August 2003, an immigration judge (IJ) convened a hearing on Kibuuka's applications for relief. Kibuuka was the only witness.  Kibuuka testified that he is a 33 year-old homosexual, single male from Uganda, where homosexuality is illegal.  In July 1999, Kibuuka attended the wedding of two men.  The police raided the wedding, beat several of the attendees, including Kibuuka, interrogated other, and arrested the groom.  Kibuuka was permitted to leave.  Thereafter, he went into hiding at his parents' home, where he stayed until he left for the United States.

---

[1]In March 2003, the relevant functions of the INS were reorganized and transferred into the new Department of Homeland Security.

Kibuuka did not immediately attend Troy State because he did not have enough money for tuition. Eventually, he attended the university for one semester before withdrawing. While at school, he did not divulge his sexual orientation because he did not think that "there were many gay people" there. After withdrawing, Kibuuka went to Boston, Massachusetts, where he worked delivering furniture. At the conclusion of Kibuuka's testimony, the IJ asked if he was presently involved in a romantic relationship with a man. Kibuuka answered that he was not.

Kibuuka also submitted a report from a psychologist, which recounted Kibuuka's history and concluded that Kibuuka suffered from a major depressive disorder due to the treatment he had received because of his sexual orientation. The report also stated that Kibuuka's mental state gradually improved once he arrived in the United States, but that his depression made him "unable to apply for asylum based on his homosexuality during [the] first year of his United States residence."

The IJ concluded that Kibuuka was not credible because there were several material contradictions between his testimony and the information included in the report. The IJ rejected the asylum claim on the ground that the application was time barred because it was not filed within one year of Kibuuka entering the United States, and because Kibuuka had not established extraordinary circumstances to justify the late filing. The IJ

also rejected the withholding of removal and CAT claims because Kibuuka failed to persuade him that he actually attended the 1999 wedding or that he was a "member of the gay community."

Kibuuka appealed to the BIA. He challenged the IJ's time-bar ruling and also sought to reopen the hearing to present "new" evidence that he was involved in a homosexual relationship on the date of his initial hearing. The BIA summarily affirmed the time-bar ruling and denied Kibuuka's motion to reopen because the evidence of Kibuuka's romantic relationship was not new.

Kibuuka reasserts these claims in his petition for review. He contends that the IJ erred by ruling his asylum application untimely without explicitly considering whether his depression should excuse the late filing. He also argues that the BIA abused its discretion in denying the motion to reopen because he did not understand that he needed to present evidence of his involvement in a romantic relationship to prove that he was homosexual.

An alien has one year from the date of arrival in the United States to file an application for asylum unless the alien demonstrates to the Attorney General's satisfaction that the delay was caused by changed or extraordinary circumstances. See 8 U.S.C. §§ 1158(a)(2)(B) & (D). This court cannot review an agency determination that an asylum application was untimely. See 8

U.S.C. § 1158(a)(3); Haoud v. Ashcroft, 350 F.3d 201, 204-05 (1st Cir. 2004).

Kibuuka contends that we may address his claim because the IJ did not consider his argument that his depression constituted extraordinary circumstances justifying the late filing. See Sagaydak v. Gonzales, 405 F.3d 1035, 1037 (9th Cir. 2005) (remanding case to BIA where the IJ and BIA "failed to address" petitioner's extraordinary circumstances claim). We reject the premise of Kibuuka's argument. There is no reason for us to infer that the IJ failed to consider Kibuuka's depression-related claim in determining that he had failed to demonstrate extraordinary circumstances.

Kibuuka's extraordinary circumstances argument was premised on the psychological report's conclusion that he could not timely file his asylum application due to depression. The IJ admitted this report over the government's objection and clearly read it, referring to it several times in his opinion. While the IJ did not specifically address the depression-related claim in rejecting Kibuuka's extraordinary circumstances argument, we are confident, based on the record as a whole, that he considered it. No more is required. See Enwonwu v. Gonzales, 438 F.3d 22, 35 (1st Cir. 2006) (stating that an IJ is not required to "spell out every last detail of its reasoning where the logical underpinnings

are clear from the record").  We therefore lack jurisdiction to consider this aspect of Kibuuka's petition.[2]

We turn to Kibuuka's motion to reopen.  The denial of a motion to reopen is reviewed for abuse of discretion.  Chen v. Gonzales, 415 F.3d 151, 153 (1st Cir. 2005). In the interests of finality, such motions are disfavored.  See Mabikas v. INS, 358 F.3d 145, 148 (1st Cir. 2004).  One predicate for a successful motion to reopen to present additional evidence is that the evidence must have been "previously unavailable."  Fesseha v. Ashcroft, 333 F.3d 13, 20 (1st Cir. 2003).

Kibuuka sought to reopen the hearing to introduce evidence that he was involved in a homosexual relationship on the date of his initial hearing.  He acknowledges that this evidence was available at the time of his hearing but claims that he did not mention it because he did not think that presenting such information was necessary to his case.

Kibuuka's admission that this evidence was available at the initial hearing undermines his claimed entitlement to

---

[2]Kibuuka also argues that the REAL ID ACT of 2005, Pub. L. No, 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231-310 (codified at 8 U.S.C. § 1252(a)(2)(D)) empowers us to review the timeliness determination because it grants this court authority to review constitutional claims or questions of law.  But the IJ's determination that Kibuuka's depression was insufficient to establish extraordinary circumstances was a discretionary judgment to which § 1252(a)(2)(D) does not apply.  See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005); see also Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151-55 (2d Cir. 2005).

reopening. There is no question that the IJ specifically asked Kibuuka if he was involved in a relationship with a man, and that Kibuuka provided a false answer. Kibuuka claims that he nevertheless should be allowed to present this evidence because he did not know that his answer would be used by the IJ as a ground for decision. There are two problems with this argument. First, a witness obviously is not entitled to prevaricate simply because he deems a question irrelevant. Rather, he must either object or answer the question truthfully.[3] Moreover, Kibuuka overstates the record by suggesting that his false answer to the IJ's question was the linchpin of the decision. The IJ primarily rejected Kibuuka's claim because of inconsistencies between his testimony and the information contained in the psychologist's report. And nothing about Kibuuka's homosexual relationship would undercut the IJ's primary basis for denying Kibuuka relief. There was no abuse of discretion in denying Kibuuka's motion to reopen.

**Dismissed in part and denied in part**.

---

[3]Kibuuka does not claim that he was unable to truthfully respond to the IJ's question because of the depression that he suffered because of his alleged experiences as a gay man in Uganda.