# United States Court of Appeals
## For the First Circuit

No. 05-2836

HONG MEI ZHANG,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Torruella, <u>Circuit Judge</u>,

Cyr, <u>Senior Circuit Judge</u>,

and Lynch, <u>Circuit Judge</u>.

<u>Kevin R. Murphy</u>, on brief for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, <u>Terri J. Scadron</u>, Assistant Director, and <u>Siu Wong</u>, Attorney, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

November 22, 2006

**CYR, Senior Circuit Judge**.  In 1995, Hong Mei Zhang, a native and citizen of the People's Republic of China, overstayed her visa, was placed in deportation proceedings, and filed an application for asylum based on her contention that she had been persecuted as an active participant in China's pro-democracy student groups.  Finding her testimony uncreditworthy, an immigration judge (IJ) denied the asylum application, and granted her voluntary departure effective August 21, 1996.  In April 1997, the Board of Immigration Appeals (BIA) affirmed.

In May 2002, Zhang filed an untimely motion with the BIA to reopen her deportation case sua sponte.  See 8 C.F.R. § 1003.2(a).  Zhang noted that, following her previous deportation hearing, Congress changed immigration law to make "forced abortion/sterilization" a potential form of "persecution" under the asylum statute, and she asserted that the Chinese government had forced her to undergo an abortion in 1991.  Zhang claimed that she did not mention this abortion in her 1995 asylum application because her attorney recommended against doing so, and because she could not face a resumption of the psychological trauma which that memory triggered.  The BIA exercised its sua sponte discretion to reopen the Zhang case, and remanded it to an IJ for decision.

At a hearing in July 2004, the IJ asserted that she found it suspicious that Zhang had failed to mention the coerced abortion in her 1995 asylum petition, and warned Zhang and her counsel

regarding the consequences of filing a frivolous asylum petition. The IJ recessed to permit Zhang to consult with her attorney. When court reconvened, Zhang withdrew her asylum application and sought voluntary departure. The IJ fixed January 29, 2005, as the date for voluntary departure.

On January 28, 2005, one day before her scheduled voluntary departure, Zhang submitted a second untimely motion, this time with the IJ, requesting the reopening of her deportation case sua sponte. Zhang contended that she involuntarily withdrew her asylum petition at the July 2004 hearing because she misunderstood her attorney's advice, and did not comprehend that her acceptance of voluntary departure would waive the asylum claim based on her forced abortion. Relying on the fact that the court had adequately informed Zhang of her rights at the July 2004 hearing, and that Zhang was represented by counsel and provided with a Chinese interpreter, the IJ declined to exercise her discretion to reopen Zhang's case sua sponte. After the BIA affirmed the denial, Zhang submitted this petition for review, reiterating the same arguments raised in her second motion to reopen.

We lack jurisdiction to entertain the Zhang petition for review. Her second motion to reopen, suspiciously filed only one day prior to her voluntary departure date, was untimely. See, e.g., 8 C.F.R. § 1003.2(c)(2) (providing that motions to reopen normally must be filed within 90 days of the final administrative decision in the case). Thus, the BIA and the IJ had plenary

-3-

discretion to determine whether to grant the Zhang motion to reopen sua sponte, 8 C.F.R. §§ 1003.2(a) (defining BIA's authority to reopen); 1003.23(b) (defining IJ's authority); see, e.g., Prado v. Reno, 198 F.3d 286, 292 (1st Cir. 1999) (observing that "'the decision of the BIA whether to invoke its sua sponte authority [to grant an untimely motion to reopen] is committed to its unfettered discretion' . . . and is simply not justiciable") (quoting Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999)).  Thus, the BIA and the IJ could deny the motion even if the Zhang motion to reopen stated a prima facie case for relief, 8 C.F.R. §§ 1003.2(a); 1003.23(b)(3); see Luis, 196 F.3d at 41 ("There are no guidelines or standards which dictate how and when the BIA should invoke its sua sponte power under [section 1003.2(a)].").[1]  By its very nature, therefore, denial of such discretionary relief is unreviewable.

**The petition for review is dismissed for want of appellate jurisdiction**.

---

[1]Even if we had jurisdiction (which we plainly do not), the IJ arguably gave several plausible grounds for denying the Zhang motion:  Zhang, who was represented by counsel and was provided with a Mandarin interpreter at the July 2004 hearing, never informed the IJ that she had trouble understanding her interpreter, and told the IJ that she understood his explanation as to the consequences of the voluntary departure order.  In addition, the BIA notified Zhang in July 2005 that transcripts are not prepared for appeals from an IJ's decision denying a motion to reopen, and that if she wanted a transcript prepared, she must make an express request in her brief to the BIA.  As she made no such request, the record contains no transcripts, and we would have no reliable basis for reviewing the IJ's stated grounds for denying the Zhang motion.

-4-