**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1600

CLAUDIA PATRICIA CÓRDOBA-QUIROZ,

Petitioner,

v.

ALBERTO R. GONZÁLES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Lynch, <u>Circuit Judges</u>,
and Lisi,<sup>*</sup> <u>District Judge</u>.

<u>Jeffrey B. Rubin</u>, and <u>Law Offices of Jeffrey B. Rubin, P.C.</u>, on brief for petitioner.
<u>Robbin K. Blaya</u>, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, <u>Peter Keisler</u>, Assistant Attorney General, and <u>Anthony W. Norwood</u>, Senior Litigation Counsel, on brief for respondent.

May 25, 2007

---

<sup>*</sup> Of the District of Rhode Island, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  Petitioner Claudia Patricia Córdoba-Quiroz ("Córdoba") appeals the denial of a motion for reconsideration before the Board of Immigration Appeals (the "BIA").  She claims that the BIA should have exercised its sua sponte authority to reopen her removal proceedings on the basis of a change in the law affecting her eligibility for relief.  We affirm the BIA's decision.

## I. Background

Córdoba is a thirty-five-year-old native and citizen of Colombia.  In February 2002, she came to the United States and requested asylum.  On March 5, 2002, Córdoba was paroled into the United States and placed in removal proceedings.  She filed an application for asylum, withholding of removal, and protection under the Convention Against Torture in February 2003.  An Immigration Judge ("IJ") denied her request for relief and ordered her removed on May 4, 2004.

On May 28, 2004, Córdoba married Miguel Arroyo-Vargas, a U.S. citizen, who filed an I-130 petition for an immigrant visa on her behalf on April 7, 2005.  As of the time of this appeal, the petition had not been approved.

Córdoba then filed an appeal of the IJ's decision, which the BIA denied without opinion on August 23, 2005.  Córdoba did not appeal this decision, but instead filed a motion to reopen her removal proceedings based on the First Circuit's decision in Succar

v. <u>Ashcroft</u>, 394 F.3d 8 (1st Cir. 2005), which she claims is a significant change in the law affecting her eligibility for relief. Her motion was received on November 22, 2005 -- one day late[1] -- due to a clerical error; she prepared the package for overnight mailing via UPS, but it was inadvertently sent via second day air instead. On December 28, 2005, the BIA denied her motion to reopen as untimely.

Córdoba then filed a motion for reconsideration. On March 7, 2006, the BIA denied the motion on the ground that Córdoba's stated reason for the untimeliness of the motion to reopen -- clerical error -- did not rise to the level of "exceptional circumstances" sufficient to warrant the exercise of the BIA's <u>sua sponte</u> authority. Córdoba now appeals the BIA's denial of her motion for reconsideration.

## II. <u>Analysis</u>

On appeal, Córdoba argues that the BIA erred in denying her motion for reconsideration because it failed to consider all the relevant factors in her case. Specifically, she claims that the BIA should have exercised its <u>sua sponte</u> authority to reopen her removal proceedings based on a significant change in the law, and that her motion to reopen was not untimely because she filed it within a reasonable time after the change in the law.

---

[1] Córdoba's motion to reopen was due ninety days after the final agency decision, which in this case was the BIA's denial of her appeal of the IJ's decision. <u>See</u> 8 C.F.R. § 1003.2(c)(2).

## A. <u>Sua Sponte</u> Authority

The BIA has the discretionary authority to reopen removal proceedings on its own motion at any time, <u>see</u> 8 C.F.R. § 1003.2 (a), although it reserves that discretion for "exceptional situations." <u>In re J-J-</u>, 21 I. & N. Dec. 976, 984 (1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). In this case, the BIA determined that a clerical error did not rise to the level of an exceptional circumstance. Córdoba argues that the BIA should have exercised its <u>sua sponte</u> authority because <u>Succar</u>, 394 F.3d 8, represents a significant change in the law, which affects her eligibility for relief. <u>See</u> <u>In re X-G-W-</u>, 22 I. & N. Dec. 71, 73 (1998) (finding an exceptional circumstance warranting <u>sua sponte</u> relief where "a significant change in the immigration law made relief available to the applicant on the basis of the same asylum application he filed initially").[2]

As we have explained before, "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion." <u>Luis</u> v. <u>INS</u>, 196 F.3d 36, 40 (1st Cir.

---

[2]  The "significant change" in this case amounted to an about-face in immigration law concerning the possibility of relief for aliens who had suffered under coercive population control policies. <u>In re X-G-W-</u>, 22 I. & N. Dec. at 73.  The BIA announced the close of its policy of granting untimely motions to reopen removal proceedings on that basis in <u>In re G-C-L</u>, 23 I. & N. Dec. 359, 361-62 (2002).

1999).  Therefore, we have no jurisdiction to review the BIA's discretionary decision because "[t]here are no guidelines or standards which dictate how and when the BIA should invoke its sua sponte power."  Id. at 41; accord Zhang v. Gonzáles, 469 F.3d 51, 53 (1st Cir. 2006); Prado v. Reno, 198 F.3d 286, 292 (1st Cir. 1999).  In re X-G-W-, 22 I. & N. Dec. 71, in which the BIA exercised its authority based on a profound change in immigration law, does not change this analysis.  It is merely an example of a situation in which the BIA found it appropriate to exercise its sua sponte power; the case provides no meaningful guidance on the circumstances under which the BIA should exercise its discretionary authority.  Luis, 196 F.3d at 40-41 ("[I]f no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" (alteration in original) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985))); see also Ekimian v. INS, 303 F.3d 1153, 1158 (9th Cir. 2002) ("The cases in which we have reviewed a BIA decision under an 'exceptional circumstances' standard have been those in which a relevant statute explicitly defined what Congress considers an 'exceptional circumstance.'").  Thus, we have no jurisdiction to review the BIA's denial of Córdoba's request to reopen her removal proceedings sua sponte.

## B. Timeliness

The BIA initially rejected Córdoba's motion to reopen because it was not filed within ninety days of the BIA's final decision in her case. Córdoba argues on appeal that her motion to reopen was not untimely because she filed it within a reasonable time after Succar -- the case that she alleges significantly changed the law affecting her eligibility for relief -- was handed down.[3] We review the BIA's denial of a motion for reconsideration for abuse of discretion. Keo Chan v. Gonzáles, 413 F.3d 161, 164 (1st Cir. 2005); see also Roberts v. Gonzáles, 422 F.3d 33, 35 (1st Cir. 2005) ("[W]e review the BIA's denial of a motion to reopen based on timeliness grounds under a highly deferential abuse of discretion standard. In order to prevail under this standard, the movant must carry the heavy burden of establishing that the BIA made an error of law or acted in a manifestly arbitrary or capricious manner." (citation omitted)).

Generally, an alien must file a motion to reopen within ninety days of a final administrative decision. 8 U.S.C. § 1229a (c)(7)(C); see also 8 C.F.R. § 1003.2(c)(2) (delineating exceptions

---

[3] It is unclear whether Córdoba raised this issue before the BIA and therefore whether we should reach her argument at all. See Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999) ("Usually issues not raised before the BIA may not be raised for the first time on a petition for review."). Because it does not affect the outcome of the case, however, we will assume for purposes of our review that she did raise the issue in her motion for reconsideration.

-6-

to the general rule, none of which are applicable in this case). Córdoba's motion was received ninety-one days after the BIA's final decision in her case. Thus, the BIA did not abuse its discretion in denying Córdoba's motion for reconsideration because it reached the correct legal conclusion that her motion to reopen was untimely.[4] See Chen v. Gonzáles, 415 F.3d 151, 153 (1st Cir. 2005) ("An abuse of discretion exists 'where the BIA misinterprets the law, or acts either arbitrarily or capriciously.'").

### III. Conclusion

For the reasons stated above, we affirm the BIA's denial of Córdoba's motion for reconsideration.

**Affirmed**.

---

[4] To the extent that Córdoba's timeliness argument relies on the BIA's sua sponte power to reopen her removal proceedings despite her tardiness, we reiterate that we have no jurisdiction to review the BIA's use of that discretion. See Zhang, 469 F.3d at 53.