**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1434

KLOTILDA VASILIA, A/K/A MIRANDA PROSI,
TODI VASILIA,

Petitioners,

v.

MICHAEL B. MUKASEY, United States Attorney General,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Selya, Senior Circuit Judge, and
Siler,[**] Senior Circuit Judge.

Sokol Braha for petitioners.
Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, and Joanne E. Johnson, Civil Division, Department of Justice, for respondent.

February 6, 2008

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as the responded herein.

[**]*Of the Sixth Circuit, sitting by designation.

**SILER**, <u>**Senior Circuit Judge**</u>.  Petitioners Klotilda Vasilia ("Vasilia") and her minor son, Todi Vasilia, challenge the denial by the Board of Immigration Appeals ("BIA") of a motion to reopen their immigration proceedings.  Their untimely motion to reopen asserted both ineffective assistance of counsel and changed country conditions.  The BIA denied the motion.  Vasilia then filed this petition for review.  We deny the petition.

I.

Klotilda and Todi Vasilia are citizens of Albania.  They attempted to enter the United States in 2001 without valid travel documents.  The Department of Homeland Security charged them with being removable.  When they appeared before the immigration judge ("IJ"), the petitioners conceded removability and sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

In her asylum application, Vasilia stated that she and her family suffered past persecution based on their involvement in pro-democracy activities.  Most of her family resettled in Greece in 1991, where they continue to reside as permanent residents.  Vasilia chose to remain in Albania with her husband and his family.  She claimed that in 1997, her husband was kidnapped and mistreated for approximately three days because of his pro-democracy activities.  About two days after his release, a gunshot was fired through a window of the family's apartment, and her husband's

-2-

parents, who shared the apartment, received a threatening letter. Following these events, the family went to Greece. From August 1997 until Vasilia's attempt to enter the United States in 2001, she and her family moved between Greece and Albania at various times.

The IJ denied the petitioners' applications for asylum, withholding of removal, and CAT relief. The IJ found that Vasilia failed to establish past persecution or a well-founded fear of future persecution. The IJ also emphasized the fact that neither Vasilia nor her husband attempted to obtain resident status in Greece, although they could have done so.

Vasilia appealed the IJ's decision to the BIA. On April 9, 2003, the BIA denied her appeal. The BIA also held that the petitioners were not entitled to a derivative claim of relief from Vasilia's husband because the BIA had separately dismissed his claims for asylum, withholding of removal, and CAT relief. The petitioners did not seek this court's review of the BIA's decision.

Instead, on December 26, 2006, the petitioners filed a motion with the BIA to reopen their immigration proceedings. The petitioners moved the BIA to reopen their proceedings based on ineffective assistance of counsel and changed country conditions.[1] Vasilia asserts that her attorney did not adequately present her

---

[1]The petitioners also raised Todi Vasilia's health problems as a humanitarian concern. However, the BIA correctly found that Todi's condition is not relevant to the asylum claim.

case to the IJ. Specifically, Vasilia's affidavit recounts an incident from 2001 in which she was kidnapped and raped on account of being a democratic activist. Vasilia claims that her attorney "unilaterally" decided not to present this information before the IJ. At the IJ hearing, Vasilia did not testify about any harm coming to her or her husband after his kidnapping in 1997.

In 2007, the BIA declined to exercise its sua sponte authority to reopen the proceedings based on the ineffective assistance claim and also denied the motion to reopen based on changed country conditions, finding that the petitioners failed to establish a reasonable likelihood of success on the merits. This petition for judicial review followed.

II.

The petitioners' motion to reopen based on ineffective assistance of counsel was untimely because it was filed more than three years after the BIA rendered its decision. See 8 C.F.R. § 1003.2(c)(2) (allowing 90 days to file motion to reopen). Although equitable tolling of the 90-day deadline is possible, it "is unavailable where a party fails to exercise due diligence." Jobe v. INS, 283 F.3d 96, 100 (1st Cir. 2001) (en banc). The BIA found that Vasilia failed to show due diligence where the motion to reopen was filed three years after the BIA's order of dismissal. We do not have jurisdiction to review the BIA's decision that equitable tolling is unavailable where that decision was based "on

-4-

a factual determination that [the petitioner] had not exercised due diligence." Boakai v. Gonzales, 447 F.3d 1, 4 (1st Cir. 2006).

Thus, the motion to reopen could be granted only if the BIA exercised its sua sponte authority to reopen the proceedings. 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). The BIA noted that it will take such action only in "exceptional circumstances," and it declined to do so here. Because the decision to sua sponte reopen a case is committed to the "unfettered discretion" of the BIA, it is not subject to review by this court. Zhang v. Gonzales, 469 F.3d 51, 53 (1st Cir. 2006).

The 90-day time limitation for motions to reopen does not apply where the motion is based on changed country conditions, if the evidence of changed conditions "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). We review the BIA's denial of the motion based on changed country conditions for an abuse of discretion. Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007). The evidence submitted in support of the motion to reopen "must, at a bare minimum, establish a prima facie case sufficient to ground a claim of eligibility for the underlying substantive relief." Id. at 128. Thus, in this case, Vasilia must establish prima facie eligibility for asylum or withholding of removal.

-5-

Vasilia argues that the BIA abused its discretion because it denied her motion without considering or discussing the "substantial documentation submitted in support of the motion." However, much of the documentation submitted by Vasilia does not meet the criteria set forth in the regulation because it was available or could have been discovered at the original hearing. This is true of the information in Vasilia's affidavit regarding the attack and rape that allegedly took place in 2001, the documents relating to her family's political participation, and the statements regarding treatment of her husband after he was kidnapped. Additionally, some of the submitted documents appear to be totally irrelevant, particularly those about the sentencing of her husband's uncle in 1948 by a military court.

The proffered documentation regarding conditions in Albania includes the 2005 State Department Report on Human Rights Practices in Albania and several newspaper articles. The newspaper articles are largely irrelevant to Vasilia's case because they involve hostility between members of the Albanian parliament, a reported missile attack on a prominent pro-democracy family, and poor conditions in Albanian prisons. None of these news stories is sufficient to show that Vasilia has a well-founded fear of persecution if she returns to Albania. Further, the BIA considered the State Department Report for 2005 and mentioned its findings that "human rights were generally respected, and citizens

exercised their rights to change government peacefully."[2] The only other piece of relevant new evidence was a letter from Vasilia's father-in-law discussing recently-made threats to Vasilia's husband and son. This letter, written on November 20, 2006, presents obvious credibility concerns; however, the BIA failed to mention the letter at all.

Rather than addressing the petitioners' documentation, the BIA's decision relies upon the 2005 State Department Report and other cases wherein this court found that conditions in Albania had improved since 2001. In Tota v. Gonzales, we cited the 2004 State Department Report on Albania and found "greatly improved conditions" for "individuals who suffered past persecution on political grounds at the hands of the former Communist regime, and who would be returning to Albania after having fled abroad." 457 F.3d 161, 167 (1st Cir. 2006). Similarly, in Alibeaj v. Gonzales, we discussed the 2003 State Department Report and noted that "the climate for political oppositionists in Albania has fundamentally improved since 2001." 469 F.3d 188, 193 (1st Cir. 2006). Thus, in both Tota and Alibeaj, this court relied on State Department reports in affirming BIA determinations that petitioners failed to demonstrate a well-founded fear of persecution.

---

[2]The 2006 State Department Report also makes these findings, and it generally supports the BIA's determination that conditions in Albania have improved since 2001.

Vasilia argues that the BIA is required to consider and address all the evidence she submitted. She refers to a Second Circuit decision that said,

> When an applicant moves to reopen his case based on worsened country conditions, and introduces previously unavailable reports that <u>materially</u> support his original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative.

<u>Poradisova</u> v. <u>Gonzales</u>, 420 F.3d 70, 78 (2d Cir. 2005) (emphasis in original). The <u>Poradisova</u> case, however, seems most concerned with BIA decisions that ignore State Department reports, rather than decisions that fail to consider other evidence. <u>See</u> <u>id.</u> at 79 (noting "the IJ should have taken into account, as apparently she did not . . . the State Department reports"). In this case, the BIA clearly did consider the 2005 State Department Report and fully explained its basis for denying the motion to reopen. Therefore, despite the failure to discuss the documentation submitted by Vasilia, the BIA's decision was not arbitrary or an abuse of discretion.

<u>PETITION</u> <u>DENIED</u>.