**Miguel A. SEVERINO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–1574.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 2, 2008.

Filed: April 4, 2008.

Ephraim T. Mella, Philadelphia, PA, for Petitioner.

John D. Williams, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BARRY, SMITH and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Petitioner, Miguel Severino, is a native and citizen of the Dominican Republic who was admitted to the United States as an immigrant in May 1993. On April 15, 2005, petitioner was convicted in the Court of Common Pleas of Berks County, Pennsylvania, of possession of cocaine with intent to deliver, delivery of a controlled substance, and conspiracy to commit possession with intent to deliver cocaine. He was sentenced to a term of two to four years imprisonment. Severino was there-

after issued a Notice to Appear ("NTA") on March 14, 2006, charging him with being removable pursuant to INA § 237(a)(2)(A)(iii) and (B)(i), 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i), for having been convicted of aggravated felonies and controlled substance violations. At a hearing on June 7, 2006, Severino, proceeding *pro se*, conceded the factual allegations contained in the NTA. Based on these admissions, the Immigration Judge ("IJ") sustained the charges and ordered Severino removed to the Dominican Republic. Although Severino reserved his appellate rights, no appeal was ever filed and the order of removal became final on July 7, 2006.

Severino returned to the Immigration Court on November 13, 2006, with the filing of a counseled motion seeking to reopen his removal proceedings. In that motion, Severino argued that his state convictions did not qualify as drug trafficking aggravated felonies, and that the IJ should have notified him of his right to proceed with the assistance of counsel and to seek the cancellation of removal under INA § 240A, 8 U.S.C. § 1229b. In a Decision and Order issued on November 15, 2006, the IJ denied Severino's reopen motion. The IJ concluded that Severino had been advised of his right to proceed with counsel of his choice and that, given the untimeliness of the motion and Severino's failure to show any exceptional circumstances warranting the reopening of proceedings, there was no need to address Severino's contention that his drug convictions do not constitute aggravated felonies.

Severino sought review of this decision. The Board of Immigration Appeals ("BIA") dismissed the appeal in an Order dated January 26, 2007, 2007 WL 416802. The BIA concluded that Severino's reopen motion was properly denied as untimely insofar as it was not filed within 90 days after the entry of the final administrative order of removal. *See* 8 C.F.R. § 1003.23(b)(1). While recognizing that an IJ has limited discretionary power to reopen proceedings *sua sponte* after the expiration of the relevant filing deadlines, the BIA noted that such action is only warranted upon a showing of exceptional circumstances and that Severino had not shown any such exceptional circumstances. This timely petition for review followed.

Initially, we note that our review extends only to the BIA's order denying Severino's motion to reopen; his claims that he is not subject to removal as an aggravated felon are not properly before us. Aside from the fact that Severino failed to exhaust administrative remedies with respect to the IJ's Decision of June 7, 2006, his current petition for review was filed more than eight months after the issuance of that order. *See* 8 U.S.C. § 1252(d)(1) and(b)(1).

While Congress has explicitly granted federal courts the power to review "any final order of removal" under 8 U.S.C. § 1252(a)(1), and implicit in this jurisdictional grant is the authority to review the denial of a motion to reopen any such final order, *see Cruz v. Attorney General of U.S.*, 452 F.3d 240, 246 (3d Cir.2006), there are certain situations in which the jurisdiction-stripping provisions of § 1252(a)(2) limit or eliminate our jurisdiction to review such denials. "[I]f an alien is removable for having committed one of the offenses enumerated in 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a denial of a motion to reopen, except to the extent that it raises constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C)–(D)." *Id.* at 246–247 (3d Cir.2006), *citing McAllister v. Attorney General*, 444 F.3d 178, 183 (3d Cir.2006).

As respondent correctly notes, there is no dispute that Severino is an alien and

there can be no doubt that his controlled substance convictions qualify as criminal offenses under 8 U.S.C. § 1227(a)(2)(B), bringing his violations within the ambit of 8 U.S.C. § 1252(a)(2)(C).[1] The jurisdiction-stripping provision in § 1252(a)(2)(C), thus precludes our review of the denial of the motion to reopen unless Severino has raised an issue of law or a constitutional claim. Neither appears present in the instant case as Severino fails to challenge the BIA's untimeliness ruling in any respect and, instead, limits his statement of the issue presented to whether the IJ erred in his initial finding that petitioner's criminal convictions constituted aggravated felonies.

Moreover, "[w]here § 1252(a)(2)(C) applies, factual or discretionary determinations fall outside the jurisdiction of the courts of appeals entertaining petitions for review." *Cruz*, 452 F.3d at 247, *citing Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir.2006). The BIA noted the IJ's discretion to *sua sponte* reopen proceedings even after the expiration of the relevant filing deadlines, *see* BIA's Order of 1/26/07 at 1, *citing In re J–J–*, 21 I. & N. Dec. 976, 984 (BIA 1997), but nevertheless declined to direct that the removal proceedings be reopened in an exercise of that discretion. As we have held on previous occasions, we lack jurisdiction to review the BIA's decision not to reopen *sua sponte* because that decision is confined to the unfettered discretion of the BIA. *See Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir.2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case."); *see also Zhang v. Gonzales*, 469 F.3d 51, 53 (1st Cir.2006) (noting that "the BIA and the IJ had plenary discretion to determine whether to grant the [ ] motion to reopen sua sponte, 8 C.F.R. §§ 1003.2(a) (defining BIA's authority to reopen); 1003.23(b) (defining IJ's authority)" and, thus, "[b]y its very nature, [ ] denial of such discretionary relief is unreviewable."); *Enriquez–Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004) (court of appeals lacks jurisdiction "to consider whether the [BIA] should have compelled the [IJ] to reopen a case based on the IJ's sua sponte authority.").

Accordingly, the petition for review is dismissed for want of jurisdiction.

---

1. 8 U.S.C. § 1252(a)(2)(C) provides in relevant part:

    Notwithstanding any other provision of law ..., and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) [1182] or 237(a)(2)(A)(iii), (B), (C), or (D) [1227].... INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), in turn, describes as deportable for having committed a controlled substance violation:

    Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana [ ].