# United States Court of Appeals
## For the First Circuit

No. 08-1262

NICOLAS HANNA DAWOUD,

Petitioner,

v.

ERIC H. HOLDER, JR.[*], Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Stahl and Howard,
<u>Circuit Judges</u>.

<u>Saher J. Macarius</u>, <u>Audrey Botros</u> and <u>Law Offices of Saher J. Macarius</u>, on brief for petitioner.
<u>Gregory G. Katsas</u>, Assistant Attorney General, Civil Division, <u>Linda S. Wernery</u>, Assistant Director and <u>Gregory M. Kelch</u>, Attorney, United States Department of Justice, on brief for respondent.

March 26, 2009

[*]Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for former Attorney General Michael B. Mukasey as the respondent herein.

**HOWARD**, **Circuit Judge**.  Nicholas Hanna Dawoud (Dawoud), a native and citizen of Lebanon, petitions for review of a decision of the Board of Immigration Appeals (BIA).  The BIA -- at the conclusion of languid proceedings notable for Dawoud's dilatory pursuit of his rights -- denied Dawoud any relief on his motion to reopen based on ineffective assistance of counsel, and his request for a remand for an adjustment of status based on his marriage to a U.S. Citizen.  Although Dawoud's case has not been free from irregularity, after careful consideration, we deny the petition.

Dawoud entered this country on April 17, 2002 as a non-immigrant admitted for business purposes, and was entitled to remain in the United States no later than June 16, 2002.  Dawoud chose to remain past this date, and in due course, on January 9, 2003, the Department of Homeland Security (DHS) served him with a notice to appear.  On April 9, 2003, Dawoud, appearing pro se, successfully sought a continuance of removal proceedings pending against him.

On June 2, 2003, Dawoud married Clotilde Sousa, a U.S. citizen.  On June 26, 2003, pursuant to section 245(e) of the Immigration and Nationality Act, 8 U.S.C. § 1255(e), Ms. Sousa filed a Petition for Alien Relative (I-130 Petition) on behalf of Dawoud.  At Dawoud's next hearing on November 12, 2003, again appearing pro se, Dawoud explained that he had recently married a U.S. citizen and requested a further continuance of all removal

-2-

proceedings while his I-130 Petition was pending. Because he had "serious concerns as to the legitimacy and bona fides of the Respondent's marriage," the Immigration Judge ("IJ") instructed Dawoud to produce documentation in support of his wife's I-130 Petition and continued all proceedings until March 24, 2004 to provide Dawoud the opportunity to produce the relevant documents, but warned that no further continuances would be forthcoming.[1]

In light of this turn of events, Dawoud retained the services of an attorney, Joseph Grimaldi, who agreed to represent Dawoud in his removal proceedings in exchange for two thousand dollars. Dawoud asserts that, at his first meeting with Grimaldi, Dawoud explained that the Immigration Judge requested documentation supporting his I-130 Petition, and Grimaldi led Dawoud to believe that he would gather the necessary documentation.

---

[1] Despite the lack of any objection by Dawoud, there is reason to think that the IJ's concerns were misplaced and that his ultimate decision to deny the continuance may have been misguided. Although the regulations could be clearer, it may well be that only the United States Citizenship and Immigration Services (USCIS) agency has the authority to inquire into the bona fide nature of a petitioner's marriage. See In Re: Gregorie Joseph, A76 967 987, 2003 WL 23216939 (BIA Sept. 30, 2003) (unpublished). Moreover, "[i]t is a matter of long-standing and express BIA policy that, as a general matter, an alien is entitled to a continuance of removal proceedings against him while a 'prima facie approvable' I-130 immigrant visa petition is pending in front of the District Director." Sheng Gao Ni v. Board of Immigration Appeals, 520 F.3d 125, 131 n.4 (2d Cir. 2008) (quoting Pedreros v. Keisler, 503 F.3d 162, 165 (2d Cir. 2007)) (alteration and quotation marks in original); see also Khan v. Att'y. Gen., 448 F.3d 226, 234 n.7 (3d Cir. 2006) (citing Matter of Garcia, 16 I. & N. Dec. 653, 657-57 (BIA 1978) abrogated on other grounds, In Re Arthur, 20 I. & N. Dec. 475 (BIA 1992)).

-3-

At the March 24 hearing, however, despite appearing to represent Dawoud, Grimaldi did not bring the requested documentation. Instead, Grimaldi moved for a continuance pending approval of the I-130 Petition, or in the alternative, voluntary departure to Lebanon. The IJ declined to continue the proceedings for any further length of time and ordered Dawoud removed to Lebanon. Dawoud, still acting through Grimaldi, filed a motion to reconsider and an emergency motion for a stay of removal on May 6, 2004.[2] The requested emergency stay of removal was granted on May 11, 2004, but on November 9, 2004 the IJ denied the motion to reconsider because, inter alia, (1) Dawoud failed to provide the documentation the IJ had previously requested, (2) the motion failed to raise any error of law or fact in the Court's prior decision, and (3) the motion was time-barred. 8 C.F.R. § 1003.23(b)(1). The IJ then vacated the stay and ordered Dawoud removed to Lebanon. On September 23, 2005, DHS approved the I-130 Petition Ms. Sousa filed on behalf of her husband, Dawoud.

In a later filed affidavit, Dawoud claimed that, after the motion to reconsider was denied, his attorney strongly discouraged him from filing an appeal of the IJ's March 24

---

[2] The record is not entirely clear as to the filing date of the motion to reconsider. The motion to reconsider contains a certificate of service indicating that it was filed on April 23, 2004, the last possible timely filing date. This certificate may be indicative of timely filing. Nevertheless, all of the parties below appear to concede that the motion was actually filed on May 6, 2004, which we therefore accept as the date of filing.

-4-

decision, and failed to inform him of his ability to file a motion to reopen (or another motion to reconsider) based on ineffective assistance of counsel. On August 22, 2006, almost a year after the I-130 Petition was approved, with the aid of his present counsel Dawoud filed a motion to reopen based on ineffective assistance of counsel. Although Dawoud's motion to reopen included documents to support the allegation of ineffective assistance of counsel, the motion did not explain why he waited to file his motion to reopen until nearly eleven months after the approval of his I-130 Petition and over two years from the date of the IJ's initial decision to deny him further continuances.[3]

The IJ denied Dawoud's motion to reopen, after noting that the motion was time barred and did not fall within any exceptions to the ninety-day period for filing such motions.[4] The

---

[3] In order to show ineffective assistance of counsel, an alien must (1) submit an affidavit detailing the agreement entered into counsel with respect to the actions to be taken; (2) inform counsel of the allegations of ineffective assistance and give him the opportunity to respond; and (3) file a complaint with the appropriate disciplinary authorities, or adequately explain why no filing was made. In re Assaad, 23 I. & N. Dec. 553 (BIA 2003); Matter of Lozada, 19 I. & N. Dec. 637 (BIA) aff'd sub nom Lozada v. INS, 857 F.2d 10 (1st Cir. 1988); see also Fustaquido Do Nascimento v. Mukasey, 549 F.3d 12, 15 n.4 (1st Cir. 2008). Dawoud submitted a complaint filed against Grimaldi with the Office of Bar Counsel in Boston, a letter advising Grimaldi that a complaint was filed against him, an affidavit by Dawoud, and a copy of the now-approved I-130.

[4] The regulations provide three exceptions to the ninety-day period in which to file a motion to reopen: (1) the petitioner is applying for asylum or withholding of removal and the subsequent motion to reopen is based on changed country conditions in the

IJ also considered the potential applicability of the doctrine of equitable tolling; in doing so, the IJ observed that Dawoud was not informed about time limitations for filing a motion to reopen based on ineffective assistance of counsel, and that DHS would "not be significantly prejudiced" if the motion to reopen were allowed. Nevertheless, the IJ concluded that even if equitable tolling were available in this circuit, Dawoud's delay of more than two years after an order of removal was entered against him, and nearly a year after DHS approved his I-130 Petition, was not consistent with the diligent pursuit of one's rights required for equitable tolling to apply.

Dawoud appealed the IJ's decision to the BIA, adding, in addition to his motion to reopen, a motion to remand based on the alleged new evidence of his approved I-130 Petition. He also attached a Form I-485 application to adjust his status based on the previously approved I-130 Petition. The BIA did not discuss, or provide any indication that it considered, its policy concerning motions to reopen for the purpose of permitting USCIS to adjudicate adjustment of status applications,[5] but it nevertheless affirmed

country of nationality or the country to which removal has been ordered; (2) the motion to reopen alleges lack of notice and the order of removal was entered in absentia; or (3) the motion to reopen is jointly filed. 8 C.F.R. § 1003.23(b)(4).

[5] At least one court has noted the "BIA's established policy" that "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or

-6-

the IJ's denial of Dawoud's motion to reopen on timeliness grounds. The BIA further upheld the IJ's denial of equitable tolling because of Dawoud's lack of diligence in pursuing a motion to reopen based on ineffective assistance of counsel.  The BIA therefore did not consider the merits of Dawoud's ineffective assistance of counsel claim.  In addition, the BIA denied Dawoud's motion to remand for consideration of his I-485 adjustment of status application because Dawoud failed to offer any evidence that was not available and could not have been presented to the IJ during the March 24, 2004 hearing.  The BIA further noted that granting Dawoud's motion for a remand would "undermine the Immigration Judge's decision denying

---

motion to reopen."  Sheng Gao Ni, 520 F.3d at 131 n.4 (quoting In Re Garcia, 16 I. & N. Dec. at 657 (BIA 1978).  We have some doubts about the continuing validity of Garcia's presumption with respect to motions to reopen.  See In Re Velarde-Pacheco, 23 I. & N. Dec. 253, 2002 WL 393173 (BIA 2002).  In any event, it does not appear that either DHS or the BIA has considered the prudence of granting Dawoud's motion to reopen on the basis of his now-approved I-130 Petition.

Velarde-Pacheco suggests that the BIA relies on DHS to determine whether or not to support motions to reopen such as the one brought by Dawoud.  23 I. & N. Dec. at 256 (citing Memorandum from INS Office of General Counsel, Memorandum for Regional Counsel for Distribution to District and Sector Counsel, (July 16, 2001). DHS will join a motion to reopen for consideration of adjustment of status if (1) that relief was not available to the alien at the former hearing, (2) the alien is statutorily eligible for adjustment, and (3) the alien merits a favorable exercise of discretion.  Id.  It is unclear from the record whether the BIA or DHS has examined Dawoud's motion with an eye toward his satisfaction of this threshold. Thus, even if Garcia's presumption does not apply with respect to motions to reopen to permit USCIS adjudication of adjustment of status applications, a question on which we take no position, the BIA or DHS nevertheless may have the authority to undertake such a review.

-7-

[Dawoud's] request for a continuance, and would reward [Dawoud] for his delay in filing evidence previously requested by the Immigration Judge." Thus, the BIA concluded that granting a motion to remand would be "unjust" and therefore denied Dawoud all relief. This appeal timely followed.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. Tandayu v. Mukasey, 521 F.3d 97, 100 (1st Cir. 2008); Chen v. Gonzales, 415 F.3d 151, 153 (1st Cir. 2005). The BIA's decision will be upheld "unless the complaining party can show that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way." Tandayu, 521 F.3d at 100 (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007)); see also Chen, 415 F.3d at 153 ("An abuse of discretion exists where the BIA misinterprets the law, or acts either arbitrarily or capriciously.") (quoting Toban v. Ashcroft, 385 F.3d 40, 45 (1st Cir. 2004)).

Subject to exceptions not relevant in this case, motions to reopen removal proceedings are limited in two ways: aliens are limited to one such motion, and it must be filed within ninety days of the issuance of the final decision. 8 C.F.R. § 1003.23(b); see also Fustaguido Do Nascimento, 549 F.3d at 15-16. It is undisputed that Dawoud filed his motion to reopen more than ninety days after the IJ's March 24, 2004 decision became final. To avoid the inevitable finding that his motion to reopen was not timely, Dawoud

-8-

argues that he is entitled to equitable tolling of the ninety-day period for filing a motion to reopen due to ineffective assistance of counsel.

Equitable tolling is a sparingly invoked doctrine, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), used to excuse a party's failure to take an action in a timely manner, where such failure was caused by circumstances that are out of his hands, Salois v. Dime Sav. Bank, 128 F.3d 20, 25 (1st Cir. 1997). We have not definitively decided "whether the BIA has either the authority or the obligation" to apply equitable tolling in the immigration context. Fustaquio Do Nascimento, 549 F.3d at 18 (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 93 (1st Cir. 2007)). It is nevertheless clear that even were equitable tolling available in such cases, we would require that one claiming equitable tolling show (1) lack of actual notice of a time limit; (2) lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit. Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc); see also Chen, 415 F.3d at 154.

In the present case, the BIA concluded that in waiting over two years from the IJ's initial decision and approximately eleven months from the date his I-130 Petition was approved, Dawoud did not exercise diligence in the pursuit of his rights. Moreover,

even before us, Dawoud has not explained this lengthy delay, or even identified the circumstances that prompted him eventually to consult with his present attorney. Given the length of the delay at issue, and the gaping lacuna in Dawoud's argument, even if equitable tolling might be available in this circuit, we cannot conclude that the BIA abused its discretion in denying Dawoud the benefit of any such tolling.

Dawoud's remaining arguments are also unavailing. Having concluded that the petitioner is not entitled to equitable tolling of the limitations period, if any such tolling is in fact available, we need not reach his argument concerning the bar against successive motions to reopen. Similarly, we need not address Dawoud's substantive claim of ineffective assistance of counsel, as the BIA had no reason to reach the merits of this claim. See INS v. Ventura, 537 U.S. 12, 14 (2002) (requiring appellate court to permit BIA to consider merits of an issue before deciding such claim).

In addition, Dawoud's argument regarding the IJ's alleged over-extension of his authority in requesting additional documents in November 2003 and denying further continuances in March 2004 also fails. As we have noted, the IJ's request for documentation regarding the I-130 Petition, and attendant concerns about the bona fides of Dawoud's marriage, may have been misplaced. See supra note 1. Similarly, the IJ's denial of further continuances may not

have been in harmony with BIA policy. See Sheng Gao Ni, 520 F.3d at 131 n.4; Khan, 448 F.3d at 234 n.7. Nevertheless, even if the IJ's decisions exceeded the scope of his authority, since Dawoud did not appeal decisions, we lack jurisdiction to consider them. See Tchuinga v. Gonzalez, 454 F.3d 54, 60 (1st Cir. 2006).

Finally, we consider Dawoud's motion to remand. Although Dawoud argues that he has shown a "prima facie entitlement to relief," which would ordinarily be relevant in assessing a motion to remand, Dawoud does not specifically challenge the Board's denial of the motion. Rather, he continues to press for the same relief -- adjustment of status -- that was requested in his motion to remand. The BIA dismissed the motion to remand on two grounds: (1) granting the motion would reward Dawoud for his failure to file evidence requested by the IJ, and (2) Dawoud did not cite any evidence that was previously unavailable to him.

On the one hand, no timely objection was lodged against the IJ's demand for documentation, and the BIA has expressed a valid institutional concern that parties who ignore an IJ's instructions should not be rewarded. On the other hand, we are uncertain how granting Dawoud relief would reward him for his failure to provide information that the IJ may not have been entitled to request. Had Dawoud provided the requested information, pursuant to long-standing BIA policy, his removal proceedings would likely have been continued while his I-130

-11-

Petition was pending before the District Director. See, e.g., Pedreros, 503 F.3d at 165; Khan, 448 F.3d at 234 n.7; Hassan v. INS, 110 F.3d 490, 492-93 (7th Cir. 1997). Because the information was not provided, Dawoud's odyssey through the immigration system has already grown considerably more difficult, stressful, and expensive. He has had an order of removal entered against him and faces substantial impediments in the present proceedings.

As to the BIA's second point, regarding the lack of previously unavailable evidence, the government contends that Dawoud fails to address this issue in his brief, and therefore has waived this argument. We agree. Dawoud's brief neither mentions the motion to remand nor addresses the BIA's rationale in denying the motion. In these circumstances, we deem the issue waived. See Toloza-Jiminez v. Gonzales, 457 F.3d 155, 160 (1st Cir. 2006).

Thus, Dawoud has not demonstrated that the BIA abused its discretion with respect to the motion to reopen, and he has effectively waived his challenge to the BIA's denial of the motion to remand. Dawoud may have had a basis for his claim of ineffective assistance of counsel, resulting in his facing considerably more arduous proceedings in his attempts to gain adjustment of status than many similarly situated petitioners. When examined in light of the BIA's policy of normally continuing removal proceedings to permit USCIS to consider an I-130 Petition and adjustment of status, and sometimes granting motions to reopen

-12-

to allow adjustment of status, Dawoud's case may yet merit the exercise of discretion on the part of DHS, or discretionary reopening on the part of the BIA or the IJ. See 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1).[6]  0

That said, our course is clear, and Dawoud's petition for review is denied.

---

[6]  We have no jurisdiction to consider or order such discretionary relief. See DaCosta v. Gonzales, 449 F.3d 45, 49 (1st Cir. 2006).

-13-