**Maria Dulce Pena LUIS, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 99–1369.**

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1999.

Decided Nov. 8, 1999.

Alan M. Tow, with whom Nancy B. Norman was on brief, for petitioner.

Nelda C. Reyna, Attorney, with whom David W. Ogden, Acting Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, were on brief, for respondent.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

BOWNES, Senior Circuit Judge.

Petitioner, Maria Dulce Pena Luis ("Luis"), seeks judicial review of what is essentially the final administrative decision regarding deportation in this case. This case comes before us in a tortured procedural posture. After an adverse ruling at her deportation hearing, Luis appealed the decision and filed a motion to remand the case to the Immigration Judge ("IJ") so that she could apply for adjustment of status. The appeal was dismissed and the motion to remand was denied. Luis then moved to reopen the proceedings. Failing at that, she moved to reconsider that denial. The Board of Immigration Appeals ("BIA") denied Luis's motion to reconsider on the undisputed ground that is was untimely. It is this decision from which she now appeals.

Luis claims that the BIA abused its discretion in denying the motion to reconsider and that it failed to follow its own procedures in reviewing such a motion. Luis further claims that the BIA's refusal to consider the motion to reconsider on the merits amounted to a denial of due process. For reasons stated below, we dismiss her petition.

## I.  BACKGROUND

Luis, a native and citizen of Portugal, entered the United States on May 6, 1988.

She was admitted as a nonimmigrant visitor and was only authorized to remain in this country until November 5, 1988. She remained in the United States beyond that date without authorization from the Immigration and Naturalization Service ("INS").

Without the requisite authorization from the INS, Luis was employed by the Sweetheart Cup Company. Luis admitted that she paid someone to provide her with a fraudulent green card, which had her name and picture, as well as a false social security card. She knew that the cards were fraudulent and she had no right to use them, but admitted that she used those cards to secure employment.

On March 22, 1994, the INS issued an Order to Show Cause why Luis should not be deported. At a hearing before an IJ, Luis sought either termination of the deportation proceedings or voluntary departure in lieu of deportation. The IJ found Luis subject to deportation on the ground that she remained in the United States longer than she was permitted in violation of Section 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), as amended. The IJ also denied Luis's application for voluntary departure, as a matter of discretion, on the ground that she had engaged in unauthorized employment which she obtained by using fraudulent documentation.

Luis appealed the IJ's decision to the BIA. While the appeal was pending, Luis's husband became the beneficiary of a labor certification petition and was able to adjust his status, and that of their two children, to that of lawful permanent residents.[1] Thereupon, Luis filed a motion with the BIA to remand her case to the IJ to allow her to apply for adjustment of status. The BIA dismissed her appeal and denied her motion to remand.[2] In dismissing the ap-

---

1.  Although Luis's husband and children also entered the United States illegally, they were never under deportation proceedings.

2.  Luis argues that "a single Board member of the Board of Immigration Appeals denied the motion to remand...." (Pet'r's Br. at "x")

peal, the BIA found that, as a matter of discretion, Luis was not eligible for voluntary departure. Finding that Luis's motion to remand was "not accompanied by an application for adjustment of status or an approved visa petition[,]" the BIA denied her motion.

On April 11, 1997, Luis filed a motion with the BIA to reopen her case so that she could apply for adjustment of status. Included with that motion to reopen was Luis's application for adjustment of status. The BIA noted that Luis admitted to unauthorized employment in the United States and using a fraudulent green card and social security card. The BIA determined, based on those admissions, and in exercise of discretion, that Luis "[did] not merit a reopening of her deportation proceedings to adjust her status." The BIA further noted that Luis lived in the United States for nine years with her lawful permanent resident husband and children. The BIA balanced those factors and ultimately denied the motion to reopen, finding that "the respondent's equities are outweighed by [the] adverse factors."

On January 14, 1998, Luis filed a motion to reconsider the denial of the motion to reopen. This is the matter before us. She noted that her husband and children were able to adjust their status to that of lawful permanent residents and stressed the importance of family unity. The BIA denied the motion to reconsider because it was untimely filed. The BIA did not reach a decision on the merits of the motion to reconsider. This petition for review followed. Luis argues that the BIA abused its discretion when it denied, as untimely, her motion to reconsider. She claims that the BIA "departed from established procedures and acted inconsistently" when it did not act sua sponte to review the case, and that this amounts to a denial of due process.

The record reflects, however, that the BIA's decision was issued Per Curiam.

3. IIRIRA § 309(c)(4)(E) provides that "there shall be no appeal of any discretionary deci-

## II. ANALYSIS

Luis's deportation proceedings commenced prior to April 1, 1997, and her final order of deportation was issued after October 31, 1996. As such, jurisdiction over this petition is governed by section 106(a) of the INA, 8 U.S.C. § 1105a(a), as amended by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (1996). In transitional rules cases, this court has jurisdiction to hear appeals from the BIA under INA § 106, 8 U.S.C. § 1105a, unless jurisdiction is otherwise precluded. *See* IIRIRA § 309(c)(1).

■ Generally, under the old INA, courts have recognized jurisdiction to review (for abuse of discretion) agency decisions denying motions to remand, reopen or reconsider. *See Carter v. INS*, 90 F.3d 14, 15–17 (1st Cir.1996); *Gebremichael v. INS*, 10 F.3d 28, 34 n. 17 (1st Cir.1993). IIRIRA § 309(c)(4)(E)[3] precludes jurisdiction if, and only if, review is sought of: (1) a "decision under" one of the enumerated sections; and (2) where such a decision is based on a matter committed to agency discretion. Luis seeks review of the BIA's denial of her untimely motion to reconsider. Only this denial is before us. Luis makes three arguments: (1) that the denial was an abuse of discretion; (2) that the BIA should have acted sua sponte; and (3) that the BIA's decision denied her due process.

■ The first question is whether the denial of the motion to reconsider was a "decision under" an enumerated section. It clearly was not. Moreover, "[s]ome components of decisions made under the enumerated sections are not committed to agency discretion but are instead determi-

sion under section 212(c), 212(h), 212(i), 244 or 245 of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)[.]"

nations of objective facts. Where the decision rests on these latter grounds, review is not precluded by § 309(c)(4)(E)." *Bernal–Vallejo v. INS*, 195 F.3d 56, 60 (1st Cir.1999).

As the Fourth Circuit recognized in *Stewart v. INS*, 181 F.3d 587, 594–95 (4th Cir.1999), some denials of such motions are based on other statutory sections, such as INA § 242B(e)(2), which is a gatekeeper section requiring the alien to show exceptional circumstances to be eligible for adjustment of status. Adjustment of status, INA § 245, by contrast, is an enumerated section. The *Stewart* court held that § 309(c)(4)(E) did not preclude jurisdiction where the BIA's decision was based on a non-enumerated section such as § 242B(e)(2). That is, *Stewart* rejects the idea that § 309(c)(4)(E) precludes review just because the motion is related to an enumerated section. *See also Arrozal v. INS*, 159 F.3d 429 (9th Cir.1998) (holding that the court of appeals had jurisdiction to hear an appeal from the BIA's denial of a motion to reopen under § 241(a)(2) of the INA, which is not one of the enumerated sections listed in § 309(c)(4)(E)).

■ Luis seeks review of a denial of a motion to reconsider the denial of a motion to reopen. This was a decision under 8 C.F.R. § 3.2(a), not one of those sections enumerated in IIRIRA § 309(c)(4)(E), and it was not a discretionary decision but an uncontested factual determination.[4] Because it is undisputed that the motion to reconsider was untimely, that ends the matter. We need not discuss the issue of whether § 309(c)(4)(E) would bar review by the court of appeals had the motion to reconsider been timely filed.

■ Luis invites this court to review the BIA's decision on the ground that the BIA failed to exercise its discretion to sua sponte reconsider its denial of Luis's motion to reopen her deportation proceedings. We decline the invitation because Luis failed to exhaust her administrative remedies with regard to this issue. "Issues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions." *Ravindran v. INS*, 976 F.2d 754, 761 (1st Cir. 1992); *see also Bernal–Vallejo*, 195 F.3d at 64. Luis could have argued to the BIA that even if the motion to reconsider was untimely, the BIA should have exercised its sua sponte power pursuant to 8 C.F.R. § 3.2(a). She did not and, therefore, we do not have jurisdiction to entertain that issue.

■ Assuming arguendo that Luis would have exhausted her administrative remedies, this court still has no jurisdiction to review this claim because the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review. *See Heckler v. Chaney*, 470 U.S. 821, 831–33, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985); *Massachusetts Pub. Interest Research Group, Inc. v. United States Nuclear Regulatory Comm'n*, 852 F.2d 9 (1st Cir.1988).

■ Apart from the situation where Congress has expressed an intent to preclude review,

review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. In such a case, the statute ("law") can be taken to have "committed" the decision-making to the agency's judgement absolutely.... [I]f no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for "abuse of discretion."

---

4. The BIA held, and Luis does not contest, that "[t]he motion to reconsider was ... filed out of time." The BIA did not make any discretionary determinations in its decision to deny the motion to reconsider.

*Heckler*, 470 U.S. at 830, 105 S.Ct. 1649. There are no guidelines or standards which dictate how and when the BIA should invoke its sua sponte power under 8 C.F.R. § 3.2(a). As such, it is left to the discretion of the BIA and is not subject to review by this court. Therefore, this court does not have jurisdiction to review Luis's claim that the BIA should have invoked its sua sponte authority to reconsider her motion to reopen the deportation proceedings.

 Finally, Luis asserts that by refusing to consider the motion to reconsider on the merits, the BIA denied her of her due process rights. This court has jurisdiction to review Luis's due process claim. *See Bernal–Vallejo*, 195 F.3d at 64, (holding that the due process argument "does not involve a matter that Congress committed to agency discretion."); *see also Antonio–Cruz v. INS*, 147 F.3d 1129, 1130–31 (9th Cir.1998) (finding that § 309(c)(4)(E) does not preclude review of a due process claim).

 Though the court has jurisdiction to review Luis's due process claim, we find that this claim is frivolous. Luis argues that because the BIA refused to consider the motion to reconsider on the merits, she was denied her due process rights. After review of the record, however, we find that this argument is without merit. In fact, Luis has had ample opportunity to present her claims to the BIA; first, in her motion to remand; then in her motion to reopen the deportation proceedings.

Luis asserted, inter alia, that she lived in the United States for over ten years with her lawful permanent resident husband and children. She was employed, though she admittedly used fraudulent documentation to secure her employment. She never received any government assistance or benefit, has never been charged with a crime and has paid her taxes. She asserts that had the BIA considered those factors, it would have granted her motion to reopen so she could apply for adjustment of status. The record reveals that the BIA did consider those factors when it denied her motion to reopen on the merits. The BIA explicitly discussed those factors and concluded that "in the exercise of discretion[,]" Luis did not warrant an adjustment of status. The BIA found that her "equities [were] outweighed by [her] adverse factors." It should also be noted again that Luis's motion to reconsider was untimely. Accordingly, we find that there was no due process violation.

*Dismissed.*