

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2003

# Calle-Vujiles v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket 02-2261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Calle-Vujiles v. Atty Gen USA" (2003). *2003 Decisions.* Paper 697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 5, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2261

EFRAIN MODESTO CALLE-VUJILES,
Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE
UNITED STATES,
Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
(BIA No. A29-761-482)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 4, 2003

BEFORE: SLOVITER, RENDELL and STAPLETON,
Circuit Judges

(Opinion Filed: March 5, 2003)

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Efrain Modesto Calle-Vujiles ("the Petitioner") petitions
this court for review of the Board of Immigration Appeals'
("the BIA") decision denying the Petitioner's motion to
reconsider its decision dismissing his appeal. He also
petitions for review of the BIA's failure to sua sponte reopen
his deportation proceedings so that he may adjust his
status.

I.

The Petitioner, a citizen of Ecuador, illegally entered the
United States without inspection in 1990. The INS took him
into custody in 1991, interviewed him, and on his release,
the INS issued the Petitioner an Order to Show Cause
("OSC"). The OSC stated that the Petitioner would be
required to appear before an Immigration Judge "on the
date and time to be set" in order to "show why[he] should
not be deported." Addendum at 2. There is some
disagreement about whether the Petitioner was informed of
the OSC's contents in Spanish, the only language he
understands. The Petitioner changed his place of residence
between the time he was issued the OSC and the time that
the Hearing Notice was sent to his address of record. The

Petitioner failed to appear at the scheduled hearing and was ordered deported to Ecuador, in absentia, pursuant to the now-repealed INA S 242(b). 8 U.S.C. S 1252(b) (1988).

The Petitioner moved to reopen deportation proceedings in January, 1997, asserting lack of notice of the deportation proceeding that resulted in the in absentia order. The Immigration Judge denied the motion. On June 29, 2000, the BIA dismissed the Petitioner's appeal.

The Petitioner petitioned this court for review, asserting that he was denied due process because he did not receive adequate notice of the deportation proceeding. We denied the Petitioner's first petition for review. We noted that the Petitioner was personally served with the OSC, provided

2

with the address of the immigration court, and the Hearing Notice was sent to his address of record. We concluded that the service of process on the Petitioner was consistent with due process and denied the petition for review. Addendum at 1-6.

On August 3, 2001, more than a year after the BIA's decision dismissing the Petitioner's appeal, the Petitioner filed a motion with the BIA asking it to reconsider the BIA's decision and to reopen the deportation proceedings. The Petitioner based his motions on the BIA decisions in In re M-S-, 22 I. & N. Dec. 349 (BIA 1998), and In re G-Y-R-, 23 I. & N. Dec. 181 (BIA 2001). The BIA denied the motions as time-barred under 8 C.F.R. S 3.2(b)-(c). The BIA also noted that the decision relied upon in the Petitioner's motion to reopen, In re M-S-, "was based on the statutory requirements of section 242B of the Immigration and Nationality Act, and is therefore inapplicable to the respondent's situation since he was ordered deported under section 242(b) of the Act rather than 242B."

The Petitioner, again, petitions this court for review of the BIA's decision. He argues, inter alia, that it was a violation of due process for the BIA to fail to exercise its discretion to sua sponte reopen the deportation proceedings or reconsider its prior decision. The INS responds, inter alia, that we are without jurisdiction to review the BIA's decision to decline to sua sponte reopen or reconsider the proceedings.

II.

Subsections 3.2(b) and (c) of Title 8 of the Code of Federal Regulations bar motions to reconsider and reopen that are not timely filed. Motions to reconsider must be filed within 30 days of the BIA decision. 8 C.F.R. S 3.2(b). Motions to reopen must be filed no later than 90 days after the date in which the final administrative decision was rendered. 8 C.F.R. S 3.2(c). Here, the BIA issued its final decision on June 29, 2000. The Petitioner moved to reconsider and reopen on August 3, 2001, well after the time had expired

for doing so.

Subsection 3.2(a) of the Regulations, however, allows the BIA to reopen or reconsider a case sua sponte at any time. It provides:

> (a) General. The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

Id.

Generally, the BIA is allowed to reopen or reconsider a case sua sponte in "exceptional situations." In re J-J-, 21 I. & N. Dec. 976 (BIA 1997).

As the Court of Appeals for the First Circuit observed in Luis v. I.N.S., 196 F.3d 36 (1st Cir. 1999),"the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review." Id. at 40. Similarly, the Ninth Circuit Court of Appeals held in Ekimian v. I.N.S., 303 F.3d 1153 (9th Cir. 2002), that it "lack[ed] jurisdiction to review a BIA decision not to reopen the proceeding sua sponte under 8 C.F.R. S 3.2(a)." Id. at 1154. Finally, in Anin v. Reno, 188 F.3d 1273 (11th Cir. 1999), the Eleventh Circuit Court of Appeals concluded that "S 3.2(a) gives the BIA non-reviewable discretion to dismiss [a petitioner's] claim." Id. at 1279.

The view that decisions not to sua sponte reopen or reconsider are non-reviewable is based on Heckler v. Chaney, 470 U.S. 821 (1985). That was a case in which a group of death row inmates demanded that the FDA enforce provisions of the Food, Drug, and Cosmetic Act, so as to prohibit the "misuse" of certain drugs in executing inmates by lethal injection. It held that courts have no jurisdiction

to review matters "committed" to the agency's discretion, including matters where the governing "statute is drawn so that a court would have no meaningful standard of review against which to judge the agency's exercise of discretion." Id. at 830.

The Petitioner insists that the above-cited cases are mistaken in applying Heckler to the immigration context because Heckler dealt only with review of agency enforcement actions under the Administrative Procedure Act ("APA"). The Petitioner argues that, by contrast, the proceeding here is an immigration adjudication where the BIA has decided that sua sponte reopening is allowed in "exceptional situations." According to the Petitioner, this standard enables our court to review such decisions for an abuse of discretion.

Although we are mindful that there is a strong presumption that Congress intends judicial review of administrative action, Chmakov v. Blackman, 266 F.3d 210 (3d Cir. 2001), we reject the Petitioner's arguments. The lesson of Heckler v. Chaney is that "review is not available in those rare circumstances where the relevant statute is so drafted that a court would have no meaningful standard against which to judge the agency's exercise of discretion." M.B. v. Quarantillo, 301 F.3d 109, 112 (3d Cir. 2002) (internal quotations omitted). Here, the regulation providing for reopening or reconsidering a case sua sponte offers no standard governing the agency's exercise of discretion. As the court in Anin noted:

> [8 C.F.R. S 3.2(a) (1999)] reposes very broad discretion in the BIA "to reopen or reconsider" any motion it has rendered at any time or, on the other hand, "[to] deny a motion to reopen." Id. The discretion accorded in this provision is so wide that "even if the party moving has made out a prima facie case for relief," the BIA can deny a motion to reopen a deportation order. Id . No language in the provision requires the BIA to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit. Federal circuit courts consistently have interpreted the provision in this way.

5

> They have read 8 C.F.R. S 3.2(a) to give the BIA the discretion to reopen immigration proceedings in situations where federal courts lack the legal authority to mandate reopening. . . . In short, the provision gives the BIA non-reviewable discretion to dismiss Anin's claim.

Anin, 188 F.3d at 1279 (citations omitted).

It is true that if an agency "announces and follows -- by rule or by settled course of adjudication -- a general policy by which its exercise of discretion will be governed," that exercise may be reviewed for abuse. M.B., 301 F.3d at 112. However, this is not the case here. As Ekimian notes, "in In re J-J-, the BIA acknowledged only that S 3.2(a) allows the Board to reopen proceedings in exceptional situations; it did not hold that the regulation requires the Board to reopen proceedings in exceptional situations." Ekimian, 303

F.3d at 1158. And like Ekimian, our Petitioner has not pointed to one case defining "exceptional situation" in the context of the BIA's sua sponte power underS 3.2. Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.

III.

The petition for review will be dismissed for lack of appellate jurisdiction.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

6