**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1183**

---

EMMANUEL KEWU AMEH,

Petitioner,

versus

JOHN D. ASHCROFT, Attorney General of the
United States,

Respondent.

---

**No. 04-1134**

---

EMMANUEL KEWU AMEH,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A74-887-925)

---

Submitted: July 23, 2004          Decided: August 6, 2004

---

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

———————————

Petitions denied by unpublished per curiam opinion.

———————————

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, William C. Erb, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Emmanuel Kewu Ameh, a native and citizen of Ghana, petitions this court for review of two separate orders of the Board of Immigration Appeals ("Board"). In No. 03-1183, Ameh petitions for review of the Board's order affirming, without opinion, the immigration judge's order denying Ameh's motion to terminate proceedings, granting voluntary departure, and entering an alternate order of removal to Ghana. In No. 04-1134, Ameh petitions for review of the Board's subsequent order denying his motion to reopen.

We first address the Board's denial of Ameh's motion to reopen and find that the Board did not abuse its discretion in denying the motion as untimely filed. See 8 C.F.R. § 1003.2(c)(2) (2004); INS v. Doherty, 502 U.S. 314, 323-24 (1992). We further find that we lack jurisdiction to review Ameh's claim that the Board should have exercised its sua sponte power to reopen his removal proceedings. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003); Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002); Luis v. INS, 196 F.3d 36, 40-41 (1st Cir. 1999). Accordingly, we deny the petition for review in No. 04-1134.

Additionally, we uphold the immigration judge's finding that the state court's grant of probation before judgment constituted a "conviction" within the meaning of the federal

immigration laws. See 8 U.S.C. § 1101(a)(48)(A) (2000); Yanez-Popp v. INS, 998 F.2d 231, 234-37 (4th Cir. 1993).

Finally, to the extent that Ameh claims that the Board's use of the summary affirmance procedure as set forth in 8 C.F.R. § 1003.1(e)(4) (2004) violated his rights under the Due Process Clause, we find that this claim is squarely foreclosed by our recent decision in Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004). We do not separately review whether the Board appropriately streamlined this case. See id. at 281 (holding that the remedy when the Board improperly affirms a case under its summary affirmance procedures, for example, by "allow[ing] a non-harmless error to slip through," is judicial review of the immigration judge's decision). We therefore deny the petition for review in No. 03-1183.

Accordingly, we deny both petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

- 4 -