**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2174**

———————

JIN BIN CHEN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A77-993-955)

———————

Submitted:  May 4, 2005              Decided:  May 20, 2005

———————

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Douglas B. Payne, New York, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, David M. McConnell, Deputy Director, Kurt B. Larson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jin Bin Chen, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (Board) order denying his motion for reconsideration of the Board's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

It is undisputed that Chen's motion to reopen was untimely. See 8 C.F.R. § 1003.2(b)(2) (2004). However, under 8 C.F.R. § 1003.2(a) (2004), the Board has authority to reopen or reconsider a case in which it issued a final decision on its own motion at any time. Chen seeks review of the Board's decision declining to sua sponte exercise its authority under 8 C.F.R. § 1003.2(a) (2004) to reopen or reconsider his case. We find that this court is without jurisdiction to review this claim. See Belay-Gebru v. INS, 327 F.3d 998, 1000-01 (10th Cir. 2003); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003); Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002); Luis v. INS, 196 F.3d 36, 40-41 (1st Cir. 1999); Heckler v. Chaney, 470 U.S. 821, 831-33 (1985).

We also note that Chen's attacks to the underlying decision of the immigration judge, as affirmed by the Board without opinion, are not properly before the court because he did not file a timely petition for review of the Board's decision. See 8 U.S.C.

§ 1252(b)(1) (2000); <u>Stone v. INS</u>, 514 U.S. 386, 405 (1995) (noting the time limit is "mandatory and jurisdictional").

Accordingly, we deny Chen's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>
