

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Kolodziej v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2874

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kolodziej v. Atty Gen USA" (2008). *2008 Decisions*. Paper 305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2874

———


JADWIGA KOLODZIEJ,
                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent


———


On Petition for Review of an Order
of the Board of Immigration Appeals
(No. BIA-1:A73-485-484)
Immigration Judge: Hon Annie S. Garcy

———

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2008

Before: SLOVITER, GREENBERG, Circuit Judges,
and IRENAS,* Senior District Judge

(Filed: October 30, 2008)


———


OPINION

———


———

* Honorable Joseph E. Irenas, Senior United States District
Judge for the District of New Jersey, sitting by designation.

SLOVITER, Circuit Judge.

Jadwiga Kolodziej petitions for review of an order of the Board of Immigration Appeals ("BIA"), which denied her motion for reconsideration and motion to reopen proceedings to enable her to apply for adjustment of status.

**I.**

Kolodziej, a native and citizen of Poland, entered the United States without inspection in March, 1996. On November 15, 1996, she was granted voluntary departure by an Immigration Judge ("IJ") but failed to depart. In 2001, the employer of her husband filed an application for employment certification to sponsor him for lawful permanent residence, and Kolodziej subsequently filed an adjustment of status application, but was notified on July 8, 2005 that her application for adjustment of status was terminated, and that she must request the IJ to reopen the proceedings.

On July 22, 2005, Kolodziej filed a motion to reopen to apply for adjustment of status as a derivative beneficiary of her husband's approved labor certification, a motion DHS opposed. She also sought reopening, alleging her husband's serious medical condition.

The IJ sua sponte reopened the proceeding on August 30, 2005, and vacated any prior order of deportation because the Record of Proceeding was missing. The Department of Homeland Security ("DHS") appealed, asserting that the motion to reopen was untimely. Kolodziej also appealed, seeking grant of her application for adjustment of status. The BIA agreed with DHS that Kolodziej's motion to reopen was time barred. In

2

addition, the BIA stated that "[i]t is not . . . evident that [Kolodziej] is prima facie eligible for the requested relief" because she  "concedes that her spouse's and son's applications for adjustment of status were not approved as the priority dates were not current."  In re Kolodziej, 2007 WL 416711 (B.I.A. January 25, 2007).  The BIA also stated that her husband's medical condition was "not relevant" because her case did not meet the requirements for a motion to reopen.

Kolodziej filed a timely motion for reconsideration and another motion to reopen. The BIA denied those motions on May 31, 2007, reasserting its prior rulings and holding that Kolodziej failed to state any error of fact or law in the prior BIA decision.

Kolodziej filed a timely petition for review.

## II.

We review the BIA's May 31, 2007 decision to deny the motion for reconsideration under an abuse of discretion standard.  Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).  A BIA decision "will not be disturbed unless . . . found to be arbitrary, irrational, or contrary to law."  Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).  Under 8 C.F.R. § 1003.2(c)(2), a party may file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  It is undisputed that Kolodziej's first motion to reopen, filed July 22, 2005, was filed considerably after the ninety-day deadline which was to be measured from November 15, 1996, the date she was granted voluntary departure.

3

The BIA has <u>sua sponte</u> authority to reopen proceedings, despite the untimeliness of the motion, "as an extraordinary remedy reserved for truly exceptional situations." <u>In re G-D-</u>, 22 I. & N. Dec. 1132, 1134 (B.I.A. 1999). "Because the BIA retains unfettered discretion to decline to <u>sua sponte</u> reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider [a] case." <u>Calle-Vujiles v. Ashcroft</u>, 320 F.3d 472, 475 (3d Cir. 2003). The BIA has this unfettered discretion because "[t]here are no guidelines or standards which dictate how and when the BIA should invoke its sua sponte power." <u>Luis v. INS</u>, 196 F.3d 36, 41 (1st Cir. 1999). Accordingly, notwithstanding Kolodziej's argument that her husband's medical condition is an "exceptional circumstance," this court does not have jurisdiction to review the BIA's decision not to <u>sua sponte</u> reopen or reconsider Kolodziej's petition.

An alien may file only one motion to reopen removal proceedings. 8 U.S.C. § 1229a(7)(A); 8 C.F.R. § 1003.2(c)(2). As noted in the preceding statement of the facts, Kolodziej filed two such motions. The second motion to reopen was number-barred and no exception is applicable here.

### III.

In her brief to this court, Kolodziej argues that the BIA denied her due process by failing to apply equitable tolling due to the ineffective assistance of counsel. An ineffective assistance of counsel claim may be considered as a due process violation if a petitioner follows the procedural requirements set forth in <u>Matter of Lozada</u>. <u>Zheng v.</u>

4

Gonzales, 422 F.3d 98, 106 (3d Cir. 2005) (citing Lozada, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)). This court does not have jurisdiction to hear a Lozada claim when an alien has not brought that claim before the BIA. 8 U.S.C. § 1252(d) ("[T]he alien [must] exhaust[ ] all administrative remedies available to the alien as of right."); see also Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Because Kolodziej did not raise an ineffective assistance of counsel claim, in any form, before the BIA, this court lacks jurisdiction to hear this claim.

This court has been notified that the Attorney General is in the process of considering the requirements of Lozada, but we have not been asked to stay disposition of this matter. Inasmuch as Kolodziej did not bring any ineffective assistance of counsel claim before the BIA, there is no basis for us to withhold a decision on this petition.

**IV.**

For the reasons set forth we will deny Kolodziej's petition for review.