Gabriel VALDOVINOS–MORENO,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–71418.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2008.*

Nov. 3, 2008.

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Kristin Edison, OIL, M. Jocelyn Lopez Wright, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the District Counsel, Seattle, WA, for Respondent.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Gabriel Valdovinos–Moreno petitions for review of a Board of Immigration Appeals ("BIA") order denying his motion to reopen removal proceedings. We dismiss in part and deny in part the petition.

In June 2005, Valdovinos–Moreno, then a lawful permanent resident of the United States, was charged as removable from the United States on the basis of a conviction for domestic violence, for which he received a suspended 365–day sentence. The Immigration Judge ("IJ") sustained the charge, determined the conviction qualified as an aggravated felony, and denied relief. Valdovinos–Moreno, who appeared pro se before the IJ, did not appeal. He was removed from the United States in July 2005, but returned approximately two weeks later. In July 2006, a year after his removal, Valdovinos–Moreno filed a motion to reopen his case, arguing that the IJ should reopen under its *sua sponte* authority or to correct a miscarriage of justice. He argued that his domestic violence conviction did not constitute an aggravated felony and, therefore, he was eligible for relief, contrary to the IJ's 2005 conclusions. The IJ and, on appeal, the BIA concluded that the motion to reopen was untimely and that *sua sponte* reopening was not warranted because exceptional circumstances did not exist. The IJ and the BIA determined that Valdovinos–Moreno was an aggravated felon.

■ We lack jurisdiction to review the BIA's decision not to *sua sponte* reopen removal proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (" '[T]he decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion.' " (emphasis removed) (quoting *Luis v. INS,* 196 F.3d 36, 40 (1st Cir.1999))).

We do, however, have jurisdiction under 8 U.S.C. § 1252 to review a denial of a motion to reopen, and do so for an abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008). Constitutional due process claims and the BIA's determination of purely legal questions are reviewed *de novo. Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000).

■ Despite Valdovinos–Moreno's quick return to the United States, his motion to reopen was filed nearly one year after his removal order became final—well beyond the ninety-day window allotted for such a motion by 8 U.S.C. § 1229a(c)(7)(C)(i). No exception to the ninety-day time limit applies. *See* 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4). Nor has Valdovinos–Moreno demonstrated any entitlement to equitable tolling. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (noting deadline for filing a motion to reopen may be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). The BIA did not abuse its discretion in dismissing Valdovinos–Moreno's motion to reopen as untimely.

■ Valdovinos–Moreno contends we have jurisdiction to address a "gross mis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

carriage of justice." Valdovinos–Moreno argues that the 2005 removal order rested upon a denial of due process, namely, that the IJ incorrectly determined Valdovinos–Moreno was an aggravated felon precluded from relief. There was no gross miscarriage of justice. Under the law at the time of the removal order, *see Matter of Malone*, 11 I. & N. Dec. 730, 730 (B.I.A. 1966), Valdovinos–Moreno's conviction qualified as a crime of violence. The criminal complaint, pursuant to which Valdovinos–Moreno pled guilty, specified that he "created in another apprehension and fear of bodily injury, intentionally and without privilege or consent. . . ." Intentional creation of an apprehension and fear of bodily injury in another satisfies the "use, attempted use, or threatened use of physical force" requirement in 18 U.S.C. § 16(a) (defining "crime of violence") under *United States v. Ceron–Sanchez*, 222 F.3d 1169, 1172–73 (9th Cir.2000), *overruled on other grounds by Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir.2006) (en banc). The imprisonment term for Valdovinos–Moreno's crime was at least one year. His conviction therefore qualifies as an aggravated felony. 8 U.S.C. § 1101(a)(43)(F). No due process violation occurred.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.