**GUO QIN ZHOU, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–4086.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 18, 2009.

Opinion filed: Feb. 18, 2009.

David X. Feng, Esq., The Feng & Associates, New York, NY, for Petitioner.

Richard M. Evans, Esq., Brooke M. Maurer, Esq., Rebecca A. Niburg, Esq., Andrew J. Oliveira, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Guo Qin Zhou, a native and citizen of China, arrived in the United States without a valid visa in 1992. On May 4, 1993, Zhou filed an application for asylum and withholding of removal, alleging persecution on the basis of political opinion, that is, his opposition to China's population control policies. On May 7,

1997, the former Immigration and Naturalization Service served Zhou with a Notice to Appear, charging that he was removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who was present in the United States without being admitted or paroled. Zhou admitted the allegations in the Notice to Appear and was found removable as charged. The Immigration Judge conducted a merits hearing on Zhou's asylum application on February 9, 2001 and denied it. Zhou appealed, but the Board of Immigration Appeals adopted and affirmed the IJ's decision on October 25, 2002. Thus, Zhou's order of removal to China was final on October 25, 2002.

On May 21, 2007, Zhou filed a motion to reopen with the Board, seeking reopening (or termination) so that he could adjust his status based on an approved I–140 employment-based immigrant petition. Zhou contended that he was eligible to adjust his status pursuant to INA § 245(i), and that *Matter of Velarde*, 23 I. & N. Dec. 253 (BIA 2002), should apply to employment-based visa petitions.[1] Zhou attached to his motion to reopen an I–97 Notice of Action indicating that his petition had been approved with a priority date of July 12, 2006. A.R. 15–32. The government opposed the motion on the ground that it was time-barred, and Zhou had failed to establish *prima facie* eligibility for adjustment of status because he had shown neither that he was in valid legal status nor that his labor certification was filed on or before April 30, 2001. A.R. 3.[2]

On September 28, 2007, the Board denied the motion to reopen on the ground

---

1. *Matter of Velarde* held that a motion to reopen seeking adjustment of status based on a marriage entered into after removal proceedings began may be granted notwithstanding the pendency of a visa petition filed on the alien's behalf if certain conditions are met.

One of those conditions is that the motion be timely filed. 23 I. & N. Dec. at 256.

2. An alien who is seeking to take advantage of INA § 245(i) must be the beneficiary of a visa petition filed on his behalf prior to April 30,

that it was untimely filed under 8 C.F.R. § 1003.2(c)(2). The Board went on to consider whether it would grant the motion to reopen under its sua sponte authority, 8 C.F.R. § 1003.2(a), and concluded that it would not because "[b]ecoming eligible (or potentially eligible) for relief after the time period allowed for filing a motion to reopen has elapsed is not in itself an 'exceptional' circumstance'. . . ." Zhou has timely petitioned for review.

We will deny the petition for review. We review the Board's September 28, 2007 decision to deny the motion to reopen under an abuse of discretion standard. *See Borges v. Gonzales,* 402 F.3d 398, 404 (3d Cir.2005). A Board decision "will not be disturbed unless . . . found to be arbitrary, irrational, or contrary to law." *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004). Under 8 C.F.R. § 1003.2(c)(2), a party may file a motion to reopen with the Board "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Thus, an alien has ninety days from the date of the Board's final decision in which to file a motion to reopen. 8 C.F.R. § 1003.2(c)(2). It is undisputed that Zhou's motion to reopen was filed beyond the ninety-day deadline. None of the exceptions listed in subparagraph (c)(3) (for asylum applications based on changed country circumstances, motions to reopen orders entered *in absentia,* or joint motions, for example) apply to his case. 8 C.F.R. § 1003.2(c)(3).

The Board has sua sponte authority to reopen proceedings despite the untimeliness of the motion, "as an extraordinary remedy reserved for truly exceptional situations." *In re: G–D–,* 22 I. & N. Dec. 1132, 1134 (BIA 1999). "Because the [Board] retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider [a] case." *Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003). The Board has this unfettered discretion because "[t]here are no guidelines or standards which dictate how and when the [Board] should invoke its sua sponte power." *Luis v. Immigration & Naturalization Serv.,* 196 F.3d 36, 41 (1st Cir.1999).

Accordingly, notwithstanding Zhou's argument that his recently obtained eligibility for adjustment of status is real and an "exceptional circumstance," we do not have jurisdiction to review the Board's decision not to sua sponte reopen his removal proceedings, where, as here, the Board declined to reopen in an exercise of its unfettered discretion. *See Cruz v. U.S. Att'y Gen.,* 452 F.3d 240, 250 (3d Cir.2006).

Finally, we reject as unpersuasive Zhou's argument that the Board was required to address explicitly each argument that he presented in his motion to reopen in order to justify its denial of his motion. The Board's citations and discussion show sufficiently that it comprehended and addressed the straightforward issues presented by Zhou's untimely motion to reopen.

For the foregoing reasons, we will deny the petition for review.

---

2001, and the visa petition must be approvable when filed. INA § 245(i)(1)(B)(i), 8 U.S.C. § 1255(i)(1)(B)(i). In his brief on appeal, Zhou asserted that he is a beneficiary of a labor certification filed before April 30, 2001, but nothing in the Administrative Record, including his motion to reopen, documents this assertion. Our decision to deny the petition for review on the basis of the untimely motion to reopen does not require us to resolve this factual dispute.