

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2009

# Zhou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zhou v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1860.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1860

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4086
_____

GUO QIN ZHOU,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A70-905-027
Immigration Judge: Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2009

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

Opinion filed: February 18, 2009

_____

OPINION
_____

PER CURIAM

Petitioner Guo Qin Zhou, a native and citizen of China, arrived in the United

States without a valid visa in 1992. On May 4, 1993, Zhou filed an application for

asylum and withholding of removal, alleging persecution on the basis of political opinion,

that is, his opposition to China's population control policies. On May 7, 1997, the former Immigration and Naturalization Service served Zhou with a Notice to Appear, charging that he was removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182 (a)(6)(A)(i), as an alien who was present in the United States without being admitted or paroled. Zhou admitted the allegations in the Notice to Appear and was found removable as charged. The Immigration Judge conducted a merits hearing on Zhou's asylum application on February 9, 2001 and denied it. Zhou appealed, but the Board of Immigration Appeals adopted and affirmed the IJ's decision on October 25, 2002. Thus, Zhou's order of removal to China was final on October 25, 2002.

On May 21, 2007, Zhou filed a motion to reopen with the Board, seeking reopening (or termination) so that he could adjust his status based on an approved I-140 employment-based immigrant petition. Zhou contended that he was eligible to adjust his status pursuant to INA § 245(i), and that Matter of Velarde, 23 I. & N. Dec. 253 (BIA 2002), should apply to employment-based visa petitions.[1] Zhou attached to his motion to reopen an I-97 Notice of Action indicating that his petition had been approved with a priority date of July 12, 2006. A.R. 15-32. The government opposed the motion on the ground that it was time-barred, and Zhou had failed to establish prima facie eligibility for

---

[1] Matter of Velarde held that a motion to reopen seeking adjustment of status based on a marriage entered into after removal proceedings began may be granted notwithstanding the pendency of a visa petition filed on the alien's behalf if certain conditions are met. One of those conditions is that the motion be timely filed. 23 I. & N. Dec. at 256.

adjustment of status because he had shown neither that he was in valid legal status nor that his labor certification was filed on or before April 30, 2001. A.R. 3.[2]

On September 28, 2007, the Board denied the motion to reopen on the ground that it was untimely filed under 8 C.F.R. § 1003.2(c)(2). The Board went on to consider whether it would grant the motion to reopen under its sua sponte authority, 8 C.F.R. § 1003.2(a), and concluded that it would not because "[b]ecoming eligible (or potentially eligible) for relief after the time period allowed for filing a motion to reopen has elapsed is not in itself an 'exceptional' circumstance'...." Zhou has timely petitioned for review.

We will deny the petition for review. We review the Board's September 28, 2007 decision to deny the motion to reopen under an abuse of discretion standard. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). A Board decision "will not be disturbed unless ... found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under 8 C.F.R. § 1003.2(c)(2), a party may file a motion to reopen with the Board "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Thus, an alien has ninety days from the date of the Board's final decision in which to file a motion

_____

[2] An alien who is seeking to take advantage of INA § 245(i) must be the beneficiary of a visa petition filed on his behalf prior to April 30, 2001, and the visa petition must be approvable when filed. INA § 245(i)(1)(B)(i), 8 U.S.C. § 1255(i)(1)(B)(i). In his brief on appeal, Zhou asserted that he is a beneficiary of a labor certification filed before April 30, 2001, but nothing in the Administrative Record, including his motion to reopen, documents this assertion. Our decision to deny the petition for review on the basis of the untimely motion to reopen does not require us to resolve this factual dispute.

3

to reopen. 8 C.F.R. § 1003.2(c)(2). It is undisputed that Zhou's motion to reopen was filed beyond the ninety-day deadline. None of the exceptions listed in subparagraph (c)(3) (for asylum applications based on changed country circumstances, motions to reopen orders entered *in absentia*, or joint motions, for example) apply to his case. 8 C.F.R. § 1003.2(c)(3).

The Board has sua sponte authority to reopen proceedings despite the untimeliness of the motion, "as an extraordinary remedy reserved for truly exceptional situations." In re: G-D-, 22 I. & N. Dec. 1132, 1134 (BIA 1999). "Because the [Board] retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider [a] case." Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). The Board has this unfettered discretion because "[t]here are no guidelines or standards which dictate how and when the [Board] should invoke its sua sponte power." Luis v. Immigration & Naturalization Serv., 196 F.3d 36, 41 (1st Cir. 1999).

Accordingly, notwithstanding Zhou's argument that his recently obtained eligibility for adjustment of status is real and an "exceptional circumstance," we do not have jurisdiction to review the Board's decision not to sua sponte reopen his removal proceedings, where, as here, the Board declined to reopen in an exercise of its unfettered discretion. See Cruz v. U.S. Att'y Gen., 452 F.3d 240, 250 (3d Cir. 2006).

4

Finally, we reject as unpersuasive Zhou's argument that the Board was required to address explicitly each argument that he presented in his motion to reopen in order to justify its denial of his motion. The Board's citations and discussion show sufficiently that it comprehended and addressed the straightforward issues presented by Zhou's untimely motion to reopen.

For the foregoing reasons, we will deny the petition for review.