OPINION
PER CURIAM.
Fang Rong Zheng petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of her motion to reopen deportation proceedings and file a successive asylum application. For the reasons that follow, we will deny the petition.
I.
Fang Rong Zheng is a 32-year-old citizen of China, who entered the United States without being admitted or paroled in March 2001. In March 2002, the Immigration and Naturalization Service filed a Notice to Appear and placed Zheng in removal proceedings. Zheng conceded re-movability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. In support of her application, she argued that because of the birth of her child in the United States, in violation of China’s family planning policy prohibiting pregnancy out of wedlock, she feared that she would be forced to have an abortion and undergo sterilization if she became pregnant again upon returning to China.
In March 2004, after a hearing on the merits, the Immigration Judge (“IJ”) denied Zheng’s application. Finding discrepancies and omissions between Zheng’s asylum application and her testimony, the IJ ultimately concluded that Zheng was not credible. Zheng appealed the IJ’s decision and, on July 21, 2005, the BIA affirmed the IJ’s decision. Zheng did not file a petition for review of the BIA’s decision with this Court.
Over seventeen months later, on January 11, 2007, Zheng filed with the BIA a motion to reopen and to file a successive asylum application. She asserted that her motion was exempt from the ninety-day time restriction governing motions to reopen because her motion was based on the “changed circumstances” exception in INA § 208(a)(2)(D). Alternately, she requested that the BIA reopen her case sua sponte *324 under the discretion granted to it under 8 C.F.R. § 1003.2(a). Specifically, Zheng contended that if she returned to China, she would be subject to sterilization under China’s one-child policy because she had given birth to a second child since her removal hearing.
The BIA denied her motion to reopen based on its determinations that her motion was untimely and that the evidence she submitted — namely the birth of her second child — did not reflect changed circumstances in China or exceptional circumstances such that reopening was warranted. The BIA also concluded that the evidence Zheng submitted did not reflect changed circumstances in China to warrant exercising jurisdiction to consider her successive asylum application. Zheng timely petitioned this Court to review the BIA’s decision.
II.
We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. We review the BIA’s findings of fact for substantial evidence and the denial of the motion to reopen for abuse of discretion.[1] See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir.2002). The BIA’s decision is entitled to “broad deference.” Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir.2003). Thus, in order to succeed on the petition for review, Zheng must show that the BIA’s discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994) (quotation omitted). Zheng has failed to make such a showing.
III.
The BIA denied the motion to reopen because it was untimely and because Zheng did not meet the exception for changed circumstances under 8 C.F.R. § 1003.2(c) or exceptional circumstances under 8 C.F.R. § 1003.2(a). The motion was undisputably untimely as it was filed over seventeen months after the BIA denied Zheng’s appeal. See 8 C.F.R § 1003.2(c)(2) (motions to reopen must be filed within 90 days of a final order). Zheng did not contest the tardiness of her motion; instead she asserted that it fell within the exception of 8 C.F.R. § 1003.2(c)(3)(ii), which permits reopening “based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.”
In support of reopening, Zheng submitted (1) an affidavit; (2) evidence of her two children’s births in 2001 and 2006; (3) a 2005 Country Report for China; (4) Fuzhou City regulations on family planning, dated April 1996; (5) 2004 testimony of Assistant Secretary of the State Department; and (6) an April 2006 New York Times article discussing individuals who were returned to China and forcibly sterilized. (See A.R. 9-206.) The BIA found that her evidence — namely the birth of her two children in the United States — did not constitute “changed circumstances arising in the country of nationality” as required by 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.2(c)(3)(ii) to waive the ninety-day deadline for motions to reopen. This conclusion comports with our precedent, see Liu v. Att’y Gen., 555 F.3d 145, *325 148 (3d Cir.2009), and we find that the BIA did not abuse its discretion in denying Zheng’s untimely motion to reopen.[2]
Zheng’s argument that she is entitled to file a successive asylum application is also foreclosed by our decision in Liu, 555 F.3d at 150-51. We have held that in considering an application to file a successive asylum application, the BIA should apply 8 U.S.C. § 1229(a)(7)(C)(ii), which requires evidence to demonstrate “changed country conditions arising in the country of nationality.” Id. Zheng argues that such an interpretation violates the equal protection clause of the Fifth Amendment, in that it holds aliens who have already submitted a prior asylum application to a more stringent standard than otherwise similarly-situated aliens who have never filed an asylum application. In Liu, we acknowledged Zheng’s argument, see id. at 151; however, we found that to interpret 8 U.S.C. § 1158(a)(2)(B) otherwise would circumvent 8 U.S.C. § 1229a(c)(7)(A) and “would not honor Congress’ purpose in the INA to avoid abuse of the system.” Id.
For the above reasons, we will deny the petition for review.

. We have no jurisdiction to review the BIA’s decision to decline to invoke its sua sponte authority to reopen a case under 8 C.F.R. § 1003.2(a). See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir.2003) (holding that such authority “is committed to [the agency's] unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review”) (quoting Luis v. INS, 196 F.3d 36, 40 (1st Cir.1999)).

. We note that in Zheng’s motion to the BIA, she submitted evidence related to conditions in China, but she did not argue that her motion was based on changed circumstances in China, instead conceding that the motion was based on her changed personal circumstances. Thus, we deny the petition for review, despite the BIA's cursory and concluso-ry denial. See Zheng v. Att’y Gen., 549 F.3d 260, 268 (3d Cir.2008) (holding that the BIA must explicitly consider any country conditions evidence that materially bears on an applicant’s claim).